## HUTTENSTEIN *vs.* THE STATE.

[INDICTMENT FOR KEEPING A RESTAURANT WITHOUT LICENSE.]

1. *Sufficiency of indictment.*—In an indictment for keeping a restaurant without license, (Code, §§ 397, 399,) it is not necessary to allege that the defendant *was engaged in the business of keeping* a restaurant; it is sufficient to allege that he "*did keep* a restaurant" without license.

FROM the City Court of Mobile.

Tried before the Hon. HENRY CHAMBERLAIN.

THE indictment in this case charged, that the defendant "did keep a restaurant, or eating-house, without a license, and contrary to law." The defendant moved to quash the indictment, and also demurred to it, on the ground that it did not sufficiently describe the offense. The court refused to quash, and overruled the demurrer; and the defendant reserved exceptions to its decisions.

CHANDLER & McKINSTRY, for the defendant.

M. A. BALDWIN, Attorney-General, *contra.*

A. J. WALKER, C. J.—Section 399 of the Code is

more comprehensive than the statutes under which the indictments in the cases of *Pettibone v. State*, (19 Ala. 586,) *Eubanks v. State*, (17 Ala. 181,) and *Moore v. State*, (16 Ala. 411,) were framed. The section of the Code referred to is not confined to the engaging in a business or employment, but extends to the doing of any act, without first obtaining a license, for which a license is required by the article in which the section is found. We think the motion to quash, and the demurrer in this case, were properly overruled.

Judgment affirmed.