## THE STATE OF KANSAS v. HERMAN REICK.

VERDICT, *Not Sustained by Sufficient Evidence.* Where there is no evidence introduced at the trial of a criminal offense that establishes with any degree of certainty that the offense charged was committed before the date of the filing of the information, a verdict of guilty is not sustained by sufficient evidence, and should be set aside.

*Appeal from Geary District Court.*

THE case is stated in the opinion.

*Humphrey & Humphrey,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

Opinion by HOLT, C.: The defendant, Herman Reick, at the October term, 1889, of the Geary district court, was convicted of selling intoxicating liquors. The defendant appeals. The information was filed on the 19th day of July, 1889. The defendant claims that the testimony introduced was insufficient to establish that the liquors sold were intoxi-

cating, and more especially that the evidence failed to prove any sale before the date of the filing of the information, namely, the 19th of July.   At the trial the state elected to stand upon two counts: one, a sale made to George McCullough, and the other to James Middleton.   The defendant insists that the evidence must show, beyond a reasonable doubt, that the offenses were committed on a day prior to the filing of the information, and cites Wharton's Crim. Ev., § 103, and Wharton's Crim. Pl. and Pr., § 120.   George McCullough at the trial testified that he knew the defendant and his place of business.   The following is all the testimony concerning the date of any alleged sale of intoxicating liquor to the said McCullough:

"Q. I will ask you if you were in his place of business, or when were you in his place of business?   A. I can't say as to the exact time.

"Q. To refresh your memory, were you in his place of business about the 13th day of July, 1889 ?   A. I can't say as to that; I might have been there, and then again I might not have been there.

"Q. Have you been in his place of business within the last six months ?   A. Yes, sir; I have been, within that time.

"Q. I will ask you, Mr. McCullough, whether or not you obtained any beer at Herman Reick's place of business within the last six months ?   [The defense objected to the question as leading.]   A. I obtained what he called malt."

James Middleton, after testifying that he was acquainted with the defendant, and knew his place of business on the 10th day of July, 1889, testified as follows:

"Q. I will get you to state whether or not you were in his place of business on or about the 10th day of July, 1889 ?   A. I can't say.

"Q. Were you there on or about that time ?   A. Yes.

"Q. You say you were ?   A. I was, I believe.

"Q. That is, were you there along toward the last of July, 1889 ?   A. Yes, sir; along toward the last.

"Q. I will get you to state whether you obtained intoxicating liquors of any sort in that place of business?   [Objected to as leading; objection sustained, with the following question.]

"Q. Did you obtain liquors in his establishment? A. I got half a pint.

"Q. Didn't you send your wife and ask him for some? A. Yes, sir.

"Q. Didn't your wife bring you some that he gave her for you? A. I think not.

"Q. Your wife brought some the next day? A. Yes, sir; I believe she did."

The defendant himself testified that he had been in business at the place described by the witnesses since the 15th day of last June. The main contention at the trial was that the liquors sold were not intoxicating. Upon that point there was a great volume of evidence, and probably the jury found correctly on that phase of the case. The date of sale, during the trial, was evidently subordinated to that question, and for that reason probably did not receive the attention it otherwise would have done; but the only question before us that we care to consider relates to the time of sale. We think the evidence did not sustain the verdict. There is nothing in the testimony of McCullough that even inferentially would prove that he bought the "malt" before the 19th day of July, and from all the testimony of Middleton there is nothing that would fix with any degree of certainty the date of his purchase before that day.

We are compelled, therefore, to recommend that the case be reversed.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: I am of opinion that the conviction on the second count, which was for a sale to James Middleton, should stand. Although the testimony in regard to the time of sale is not as full and clear as it should be, I think it sufficiently shows that sale to have been made anterior to the filing of the information. The fact that there was little controversy upon this point probably accounts for the meagerness of proof, and doubtless it might have been made fuller, as the affidavit of

Middleton attached to the information states that he bought a half-pint of whisky from the defendant at his place of business about the 10th of July, 1889, for which the defendant charged him twenty-five cents.