HENRY *v.* STATE.

Opinion delivered October 31, 1903.

1. INDICTMENT—ELECTION BETWEEN COUNTS.—It was not error to refuse to compel the state to elect between two counts of an indictment for the unlawful sale of intoxicating liquors where the second count recites that it relates to the same offense charged in the first count. (Page 575.)

2. INSTRUCTION—WHEN HARMLESS.—On a trial of one charged with selling intoxicating liquors in prohibited territory, an instruction which included the giving away of liquors is harmless if there was no evidence as to the giving away of liquors. (Page 575.)

3. SPECIAL ACT—PROOF.—The fact that a special act of the legislature was printed by public authority is *prima facie* proof that it is a law as it purports to be. (Page 576.)

4. STATUTE—RECITALS AS PROOF.—A recital in an act of the legislature as to the exact location of a certain college in a town is *prima facie* proof that the college is located within the town. (Page 576.)

5. SAME.—Where a special act prohibited the sale of intoxicating liquors within a radius of ten miles of a certain college in a town named, proof of a sale thereof on the outskirts of the town will sustain a conviction, as it will be inferred that the sale was made within a radius of ten miles of the college. (Page 576.)

Appeal from Howard Circuit Court.

WILLIAM C. RODGERS. Special Judge.

Affirmed.

*D. B. Sain,* for appellant.

The court erred in not requiring the prosecuting attorney to elect on which of the counts he would stand. Under the act of 1891, for the second offense, a jail sentence may be imposed in addition to a fine; while under the act of 1899 no jail sentence can be imposed. Only such offenses as are subject to the same punishment can be joined in one indictment. Sand. & H. Dig. § 2077; 4 Ark. 56; 32 Ark. 203.

*Geo. W. Murphy, Attorney General,* for appellee.

BUNN, C. J.  This is an indictment under a special statute making it an offense to sell any kind of intoxicants within ten miles of Central College, located in the town of Nashville, Howard county.  Omitting the formal parts, the indictment contains two counts, and is as follows, to-wit:  First.  "The said Dave Henry, in the county and state aforesaid, on the first day of July, A. D. 1902, did unlawfully sell, and was interested in the unlawful sale of, ardent, vinous, malt, fermented, spirituous and intoxicating liquors within ten miles of Central College situated in the town of Nashville, said county and state, against the peace and dignity of the state of Arkansas."  Second.  "The said Dave Henry on the 1st day of July, 1902, in the county and state aforesaid, did unlawfully, directly and indirectly procure for J. E. Kirk ardent, vinous, malt, fermented, spirituous and intoxicating liquors within ten miles of Central College, situated in the town of Nashville, said county and state, where the sale of liquors are [is] prohibited by law; said intoxicating liquors as aforesaid being procured from one not authorized by law to sell the same; this being the same offense charged in the first count.  Against the peace and dignity of the state of Arkansas."

The defendant moved the court to compel the state to elect under which count of the indictment she would prosecute.  This motion was properly overruled.  There was no error in the court's refusal to compel the state's attorney to elect upon which count to prosecute the case, since the recitals of the indictment itself, as well as the language and meaning of the two counts, made them in fact one count—different statements of the same offense.

It is contended by the defendant that one of the instructions of the court which included the giving away of liquor of the several kinds, while the indictment only charged the selling or being interested in the selling, was error.  That part of the instruction was harmless error, if error at all—mere surplusage—there being nothing in the evidence as to the giving away of the whiskey.

The evidence in the case shows that one J. E. Kirk gave a written order on the defendant, about the time laid in the indictment, for some whiskey, and sent it by a negro named Louis Kirfield.  It was shown that the defendant was the owner of a whiskey distillery located in the suburbs or near the vicinity of Nashville.  The negro delivered the order to some one among a number of persons about the "still," but did not recollect to

whom. He then went to a small house near by and attempted to enter, but was prevented by a man on the inside, who opened the door just enough to hand him a jug of whiskey, which he delivered to Kirk afterwards. He could not identify the man who thus gave him the whiskey.

This not being an indictment under the "blind tiger act," it would seem at first sight that this failure to identify the person who sold and delivered the whiskey would defeat the prosecution of the case, but the attendant circumstances justified the jury in finding that the sale was made either by the defendant in person or by some one acting for him, for the order was on one shown to be a debtor to Kirk, the maker of the order, and it is not to be presumed that an independent third party really delivered the whiskey, for in the nature of things the only consideration for the whiskey was the order, which in effect directed the defendant, as the seller, to charge Kirk on account for the same. There was nothing authorizing a third party to do so, and a voluntary gift is not to be presumed under the circumstances. There was therefore some evidence to identify the defendant as a third party to the transaction.

Some question was raised, but the same was not pressed, as to the sufficiency of the evidence to prove the location of Central College, and consequently to prove that the whiskey was sold within the ten miles of that institution, within which radius the sale of liquor was prohibited by special act of the legislature. See Acts of 1891, p. 60. This act was shown to have been printed by public authority, and this is *prima facie* evidence that it is a law, as it purports to be. See 1 Greenl. (16th ed.) §§ 479, 480.

As to the effect of the recitals in an act, see section 491, *Id.* In this case the special act of the legislature recites with more than necessary particularity the exact location of Central College, by name, within the town of Nashville. That is *prima facie* proof of the location of the college. The sale is shown to have been made on the outskirts of the town, and it is not to be contended that there is a town in the state which covers a territory with a radius of ten miles.

Upon the whole case, we find no error in the rulings of the court, and that there is evidence to sustain the verdict.

The judgment is therefore affirmed.