## MCWILLIAMS v. STATE.

### Opinion delivered January 8, 1912.

1. LIQUORS—UNLAWFUL SALE—EVIDENCE.—Where, in a prosecution for selling liquor without license, a witness swore that he asked defendant if he knew where whisky could be procured, whereupon, without replying, defendant conducted witness to a house where the whisky was procured, and stood at the door while witness went in and picked up a bottle of whisky sitting on a trunk and deposited the money to pay for it, the jury were warranted in finding that the defendant either sold the whisky or was interested in the sale. (Page 570.)

2. SAME—INSTRUCTIONS.—It was not error, in a prosecution for unlawfully selling liquor, to instruct the jury in substance that they would be authorized to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he unlawfully sold or was interested in the sale of liquor, without stating what acts the jury should consider as unlawful. (Page 572.)

3. APPEAL—REFUSAL TO GIVE INSTRUCTION—WHEN HARMLESS.—The court's refusal to give an instruction requested by the defendant was not prejudicial where so much of the instruction as was favorable to the defendant was included in other instructions given. (Page 573.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*Stuckey & Stuckey,* for appellant.

1. The evidence does not show either that appellant sold the liquor, or had an interest in the sale of it or that he aided any one else to do so. The most it shows is that he aided the buyer in procuring it, and that, under the decision of this court, is no offense. 68 Ark. 529; 85 Ark. 360.

2. The court, in charging the jury to convict if they believed from the evidence that the defendant unlawfully sold or was interested in the sale of liquor, etc., should have instructed

them also as to what acts detailed in the evidence they were to consider as lawful and what unlawful.

3. If the transaction between the prosecuting witness and appellant, and the succeeding acts by them, occurred as testified to, appellant could not be adjudged guilty unless appellant was directly or indirectly interested in the sale of the liquor or was aiding the seller in making such sale, and the court erred in refusing his request for an instruction to that effect. 90 Ark. 582; *Id.* 590.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The instruction requested by appellant was properly refused because it is misleading in that it laid too much stress upon the idea that his guilt was dependant upon his interest in the sale of liquor. It is sufficient if he was aiding or assisting the seller. Moreover, the court's instructions, already given, covered the law of the case, and the jury understood that the word "unlawful" meant nothing more nor less than a *sale without license.*

2. The evidence fully sustains the verdict. 90 Ark. 582.

Frauenthal, J. This is an appeal from a judgment convicting the defendant of the offense of selling liquor without license. He urges that the judgment should be reversed for the following reasons: (1) Because there was not sufficient evidence to warrant the verdict of guilty returned by the jury; and (2) because the court erred in its rulings relative to certain instructions.

Defendant was indicted under section 5093 of Kirby's Digest, charged with selling and being interested in the sale of liquor without license. The sole witness who testified in the case was the purchaser of the liquor. His testimony was in substance as follows: He resided a few miles from the city of Newport, and on the day of the alleged sale of the liquor was in that city, and there met defendant, with whom he was well acquainted. He was preparing to leave the city for his home, and either met or overtook the defendant, and asked him if he knew where he could get anything to drink. Without anything further being said, so far as the testimony shows, they went to a house, and proceeded to a small room at the

back thereof where a white woman and a colored woman were seated. Defendant went as far as the open door of this room, and the witness walked into the room, and there saw a pint of whisky upon a trunk. Without speaking to any one, he took the whisky and deposited his money on the trunk. Defendant remained at the door of the room, and then accompanied the witness to the outer door of the house. Witness did not know whether or not defendant returned to the house. Witness had never been to the house before, and when he asked the defendant if he knew where he could get anything to drink the defendant did not tell him whether he had any whisky or to whose house they were going; but, in the language of the witness, "they just went on to the house together." He also testified that he and the defendant were good friends, and the reason why he asked him whether or not he knew where he could get anything to drink was that he thought defendant was liable to have some whisky because he looked like he had had a drink.

It is contended by counsel for the defendant that there was no evidence given by this witness connecting the defendant with the sale of the liquor, either directly or indirectly; that at the most the defendant only showed the witness where he could procure the liquor, and thus only aided the purchaser, and not the seller, in the sale of this liquor.

It is true that there was no direct testimony that the defendant owned the house where these parties went, or the whisky that was placed upon the trunk, or that the defendant secured the money which the witness deposited on the trunk therefor; nor was there any direct testimony that the defendant was connected with the owner of this whisky. But we are of the opinion that facts and circumstances were shown in evidence by this witness from which it could be reasonably inferred either that the defendant was the occupant of this house and owner of this whisky, or that he had some connection with the person who did own it. It was the province of the jury, not only to determine the facts directly established by the testimony, but also to determine the resultant facts that could be reasonably inferred from those directly proved.

The defendant was stationed near the house where the whisky was located, and from his general appearance the wit-

ness thought that he could tell him where he could procure some whisky. Upon the witness making known his desires in this regard, the defendant, without any comment, immediately took him to and into this house. Witness had never been to the house before, and the two women who were the sole occupants of the room where the whisky was did not appear surprised when the defendant brought him there. Without any further suggestion from any one, witness proceeded to the trunk where the pint of whisky was located, and deposited his money, presumably the correct amount, therefor, and took the whisky. During all this time the defendant remained stationed at the door of the room where he could see the actions of the witness.

An illegal sale of this liquor was made by some one. Defendant was the only agency that steered the witness to the place where the whisky was procured; he stood at the door when the whisky was taken, and saw the proper amount of money therefor deposited, and then accompanied the witness to the door of the house when, the transaction being thus fully completed, the witness departed without word or comment. From these facts and circumstances, we think the jury were warranted in finding that the defendant either sold the whisky himself or was connected with the owner thereof, and interested in its sale. *Dixon* v. *State*, 67 Ark. 495; *Henry* v. *State*, 71 Ark. 574; *Dale* v. *State*, 90 Ark. 582.

The court instructed the jury in substance that they would be authorized in finding the defendant guilty if they believed from the evidence beyond a reasonable doubt that he unlawfully did sell or was interested in the sale of the liquor. It is urged that this instruction was erroneous because it fails to tell the jury what acts of the defendant they should consider as lawful and what acts as unlawful. The unlawful act, charged in the indictment, consisted in selling such liquor without license; and this unlawful act this instruction required the jury to find from the evidence that the defendant had committed before they would be warranted in finding him guilty. We can not see, therefore, wherein this instruction is objectionable.

The defendant requested the court to instruct the jury in effect that, before they would be warranted in finding the defendant guilty of this offense, they must find from the evi-

dence that he was directly or indirectly interested in the sale of the whisky, or was aiding the seller to make such sale. While this instruction was a proper statement of the law, we do not think the defendant was prejudiced by the court's refusal to give it. The instruction which was given by the court, and is referred to above, embodied every principle covered by this instruction requested by the defendant, except probably that portion thereof which declared him guilty by aiding the seller. The effect of that instruction was to tell the jury that they must find from the evidence that the defendant was directly or indirectly interested in the sale. The defendant can not complain because the court failed to also instruct the jury that, although he did not directly or indirectly sell the whisky, the defendant would be guilty if, without any interest himself in the sale, he aided the seller in making it. The failure to give that portion of the instruction requested by the defendant was favorable to him.

Upon an examination of the whole case, we fail to find that any prejudicial error was committed by the trial court, and the judgment must accordingly be affirmed.