### WOLFE *v*. STATE.

Opinion delivered June 17, 1912.

1. LIQUORS—UNLAWFUL SALE BY AGENT—PROOF OF AGENCY.—In a prosecution for unlawfully selling liquor through an agent, the relation of agency may be shown by circumstantial evidence. (Page 141.)

2. INSTRUCTIONS—REPETITION.—It was not error to refuse to give instructions which were in effect covered by those which were given. (Page 142.)

3. APPEAL AND ERROR—HARMLESS ERROR.—The error of giving an erroneous instruction defining the boundary line between Arkansas and Tennessee was harmless in a case where the undisputed evidence shows that the crime charged was committed within the east boundary of Arkansas. (Page 142.)

Appeal from Mississippi Circuit Court; *W. J. Driver*, Judge; affirmed.

*Appellant, pro se.*

1. There is no testimony that appellant was connected with or interested in the sale of the whisky. The fact that he was captain of the boat does not make him criminally responsible for violations of the law. 53 S. W. 343; 23 Cyc. 256-7; 9 So. 536.

2. The venue is not proved. The middle of the main channel is the boundary line. 40 Ark. 502; 147 U. S. 239; 5 Am. St. 536; 123 Ill. 545. Island 37 is in Tennessee.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The testimony was sufficient to convince the jury that appellant was connected with, or interested in the sale. 38 Ark. 641; 88 *Id.* 267.

2. The venue was proved. The boundary line is a point equidistant from the principal or well-defined banks of the river. 10 Heisk. (Tenn.) 283; 119 Tenn. 47; 79 N. W. 449; 138 U. S. 226; 143 *Id.* 359; 196 *Id.* 230; 5 Wheat. 375; 133 Ill. 535; 40 Ark. 501; 53 *Id.* 314; 24 How. 41; 1 La. Ann. 372; 3 Sm. & M. (Miss.) 366; 55 Ia. 558; 119 Fed. 812.

FRAUENTHAL, J. This is an appeal from a judgment convicting the defendant of selling liquor without license. He urges that the judgment should be reversed, (1) because the evidence was insufficient to show that he sold or aided in making the sale of the liquor, or (2) to show the venue of the alleged offense; and (3) because the court erred in its rulings on certain instructions relative to the venue.

The sale was made on a boat in the Mississippi River off the Arkansas shore, opposite Mississippi County. The sole witness who testified on the trial of the case was the purchaser of the liquor. From his testimony it appears that the witness went aboard the boat, called the "Whisper," at the Osceola landing in Mississippi County, which proceeded up the channel for a distance of probably a mile to the next landing. Upon the boat there was a bar room where intoxicating liquors were sold, and the witness went on the boat for the purpose of purchasing whisky. The defendant was the captain and master of the boat, and had built it some years prior to the time the sale is alleged to have occurred, and had been engaged since building it in running the boat at and between these landings. The clerk of the boat collected from the witness a fare of ten cents, and subsequently went behind the saloon bar of the boat and sold the whisky to him. During all this time the defendant was on the boat, acting in the capacity of its captain and master, and at times went behind the bar and saw the sales of whisky made by the clerk.

It is urged by counsel for the defendant that there was no testimony given by the witness connecting the defendant with the sale, either directly or indirectly, and that the mere fact that the whisky was sold by the clerk of the boat of which defendant was captain would not fasten upon him any criminality for such act. But we think the evidence was sufficient to warrant the jury in finding that the defendant was not only in absolute control of the boat as its captain, but was

also the proprietor of the boat, and that all the employees thereon, including the clerk, were his servants and agents. It is true that agency is a fact which must be proved by evidence; but the fact of agency need not be proved by direct testimony; circumstantial evidence is competent and sufficient to establish the fact of agency. As was said in the case of *Bell* v. *State*, 93 Ark. 600: "The relation and connection between the principal and the agent, or between the employer and the servant, may be shown by facts and circumstances from which the relation may be inferred. Although it may not be directly proved that the alleged servant was employed or authorized to make the illegal sale, nevertheless, if the facts and circumstances introduced in evidence are sufficient to induce in the minds of the jury the belief that the relation of employer and servant did exist between the parties, and that the alleged servant was acting for the employer in the forbidden sale, then this would be sufficient to sustain a conviction."

In the case at bar, there was testimony tending to prove that the defendant had built this boat and was in the active control and management of it and present at the time of the sale. From the facts and circumstances adduced in evidence, the jury were warranted in finding that he was the proprietor of the boat and of the barroom thereon, and that the clerk was but his servant in making this sale. The jury were the judges of the testimony and also of all inferences of fact naturally and legally arising therefrom. From these facts adduced in evidence and the inferences reasonably to be drawn from them, we think there was evidence authorizing a verdict finding that the defendant either made the sale of the whisky through his clerk and agent, or aided and abetted him in making the sale.

The instructions given by the court were sufficient to correctly cover every phase of this issue, and no error was committed in refusing to give certain instructions asked for by the defendant which were in effect covered by those which were given. *Henry* v. *State*, 71 Ark. 574; *Dale* v. *State*, 90 Ark. 582; *McWilliams* v. *State*, 101 Ark. 569.

It is contended by defendant that the State failed to prove the venue of the offense, and that the court erred in rulings which it made upon instructions relative to this issue. The proof of the venue depended upon proof being made that the

whisky was sold at a place on the Mississippi River which was west of the eastern boundary of the State of Arkansas; for, if the sale was made at a point east of that boundary line, it was outside of the State. Upon this issue, the defendant requested the court to instruct the jury that the eastern boundary line of the State of Arkansas opposite the Osceola District of Mississippi County is the middle of the main channel of the Mississippi River as the same was located at the time of the adoption of the Constitution of 1874, and that the burden of proving such location rested upon the State. Similar instructions were asked with reference to the dates of the Constitutions of 1836 and of 1868. The giving of each of these instructions was refused by the court.

Upon the part of the State, the court instructed the jury that the boundary line between the States of Arkansas and Tennessee, which was the east boundary line of the State of Arkansas and of Mississippi County, is the equidistant point or middle line between the well-defined and ascertained banks of the Mississippi River, on the Arkansas and Tennessee shores of said river; and that in determining the location of the well-defined banks of the Mississippi River they should take into consideration the erosions or accretions affecting either of said banks, as the same added to or took away from said banks. The court further instructed the jury that the burden of proof rested upon the State to establish the jurisdiction of the court in the case; in other words, that the State must show by a preponderance of the evidence that the alleged sale was made on the west side of the middle line between the well-defined and ascertained banks of Arkansas and Tennessee in the Mississippi River.

The location of the eastern boundary line of the State of Arkansas and of Mississippi County was discussed and determined by this court in the opinion rendered by Mr. Justice EAKIN in the case of *Cessill* v. *State*, 40 Ark. 501. That case was an appeal from a judgment convicting the defendant of an illegal sale of liquor made on a boat anchored in the Mississippi River off the Arkansas shore and opposite Mississippi County. The respective instructions asked by the State and the defendant in the case at bar give the constructions placed upon the opinion rendered in the above case by

them, respectively. We do not deem it necessary for a proper determination of this case, however, to pass upon the correctness of the instructions requested by the defendant or the question as to whether or not the instructions given by the court upon this issue were a correct statement of the principle announced in the above opinion defining the location of that boundary. For, if the instructions requested by the defendant are a correct statement of the law relative to the location of the eastern boundary line of the State and of Mississippi County, and should have been given, we think that the uncontroverted testimony shows that the sale of the liquor was made at a point west of that line, and therefore in Mississippi County. There was only one witness who testified in this case, and the evidence which he gave shows that at the time the sale was made the boat was on the river in the channel between the island on the east thereof and the Arkansas shore on the west. On the west side of this island there was a sand-bar making a well-defined bank; and the river flowing between this bank and the Arkansas shore was the channel of navigation and commerce at the time the sale was made. This channel of the river was several hundred yards in width. From this island eastward, and towards the principal bank of the Tennessee shore, the river was so low that it did not cover the sand or land on that side to the Tennessee shore, which was more than a mile from the island. The witness, however, also testified that the waters of the river did run at high stage between the island and the Tennessee shore, and probably did so at the time of the sale. The witness testified that at the time of the sale the boat had not gone as far as the middle line between the west bank of the island and the Arkansas shore, and was nearer to the Arkansas shore than to the bank of the island.

It will be observed that the instructions given by the court defined the eastern boundary of the State as the middle line between the well-defined and ascertained banks of the Mississippi River on the Arkansas and Tennessee shores, and that the instructions requested by the defendant defined this line to be the middle of the main channel of the Mississippi River. It is argued by counsel for the State that the main channel of the Mississippi River has no reference to the channel of

navigation or commerce, but that the middle of the main channel of said river is the middle line in the bed in which the main stream of the river flows between the principal banks of the Arkansas and Tennessee shores, and that, according to the uncontroverted testimony, the sale was made at a point far to the west of that line. He further argues that, by the instructions requested by the defendant, the defendant incorrectly claims that the main channel of the Mississippi River is the channel of commerce and navigation.

But, whatever may be the contention of the defendant in this regard, the view of the matter most favorable to the defendant under the testimony adduced would be to consider the channel between said island and the Arkansas shore as the main channel of the Mississippi River; for, if the main channel of said river was further east, it would make the line of the eastern boundary of Arkansas further east from the place where the sale of the liquor was made. If it should be considered that this channel between said island and the Arkansas shore is the main channel of the Mississippi River, and the middle line of that channel is the State's eastern boundary, then the uncontroverted testimony shows that the sale of the liquor was made west of that line and nearer the Arkansas shore. So that, under any view of the law fixing the eastern boundary line of the State, the uncontroverted testimony shows that the sale of the liquor was made west of that line.

It follows, therefore, that, whether the rulings of the court upon the instructions given and refused upon this issue were correct or not, the defendant could not have been prejudiced by them. The place of the illegal sale of the liquor, under the uncontroverted testimony, was west of the line which, under any view of the law, could be deemed the eastern boundary of the State.

The judgment is accordingly affirmed.