## CHAMBERS *v.* STATE.

### Opinion delivered March 16, 1925.

1. CRIMINAL LAW—INFORMATION.—FORMALITY.—In prosecutions for misdemeanors on information, no formality is required, either in the affidavit charging the offense or in the warrant of arrest describing same.

2. CRIMINAL LAW—PROOF OF VENUE.—Proof that an offense was committed in and near Fort Smith was sufficient to prove that the offense occurred in the Fort Smith District of Sebastain County.

3. CRIMINAL LAW—PERMITTING WITNESS TO REMAIN IN COURT.— Though the court put the other witnesses under the rule, it was not an abuse of discretion to permit the mother of the prosecutrix in a contributory delinquency case to remain in the court room during the trial.

4. INFANTS—DELINQUENT.—In a prosecution for contributing to the delinquency of a minor, evidence *held* to show that the minor was a delinquent.

5. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of erroneous instructions or instructions covered by those given was not error.

6. INFANTS—CONTRIBUTORY DELINQUENCY.—One may be guilty, under Crawford & Moses' Dig., § 5754, for contributing to the delinquency of a minor if he either encourages or contributes to her delinquency.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*T. S. Osborne, E. M. Ditmon,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was tried and convicted in the circuit court of the Fort Smith District of Sebastian County, on appeal from the municipal court of Fort Smith, for contributory delinquency, and, as punishment therefor, was adjudged to pay a fine of $500 and to serve one year in the county jail, from which judgment he has prosecuted an appeal to this court.

The information was based upon § 5754 of Crawford & Moses' Digest, and is as follows: "On the 21st day of August, 1924, J. Sam Wood filed before me his affidavit charging Elza Chambers had, in the county of Sebastian,

on or about the .......... day of June, 1924, committed the·
crime of contributing to the delinquency· of Gertrude
Lee, a minor.''

A demurrer was filed to the information, which was
overruled by the court, and appellant questions the suf-·
ficiency of the affidavit.   In prosecutions upon informa--
tion for misdemeanors no formality is required either ·
in the affidavit charging the offense or in the warrant of
arrest describing same.   The purpose of the affidavit
or warrant is to bring the offender into court, and, once ·
there, it is within the province of the court to try and·
punish him for any misdemeanor triable by the court,·
which he has committed.   Section 5784 of Crawford· &·
Moses' Digest, under which appellant was tried, specifi-··
cally provides that the crime is a misdemeanor. *Mayfield
v. State,* 160 Ark. 474, and cases cited therein to this
point.

Appellant also questions the sufficiency of the
proof to establish the venue of the court. · The record
reveals that the sexual intercourse between appellant and
Gertrude Lee occurred in or near Fort Smith, and that
their association was confined largely to that immediate
locality.   This court judicially knows that Fort Smith
is in the Fort Smith District of Sebastian County, Ark-
ansas.

Appellant also contends for a reversal of the judg-
ment because the court permitted the mother of Gertrude ·
Lee, who was a witness, to remain in the courtroom while
the other witnesses were testifying.   It is true the court
put the witnesses under the rule, at the request of the
State, but it is in the court's discretion to excuse special
witnesses from the rule.   We know of no good reason
why the court abused this discretion in permitting the
mother, who was a witness, from sitting with her
daughter, Gertrude Lee, who was the prosecutrix in the
case.   We are unable to determine from the record that
appellant was prejudiced on this account.

Appellant next contends for a reversal of the judg-
ment upon the alleged ground that the instructions given

by the court were erroneous declarations of law as applied to the facts in the case. We have read them carefully, and do not think the two main objections made to them are tenable. The objections are that there was no testimony tending to show that the crime was committed in the Fort Smith District of Sebastian County, and none tending to show that the prosecutrix herself was a delinquent under § 5754 of Crawford & Moses' Digest. There is positive evidence in the record to the effect that appellant, a married man, had sexual intercourse with the prosecutrix, who was only seventeen years of age, within the city limits and in the suburbs of Fort Smith. The record also reflects that the prosecutrix remained out late at nights with appellant and other men, and attended dances and other public places without protection. She was out with appellant and other men nearly every night. The statute defines a delinquent child as a female under eighteen years of age who knowingly associates with immoral persons. We do not think the instructions were abstract.

Appellant's next and last contention for a reversal of the judgment is that the court erred in refusing to give certain instructions requested by him. Such instructions as were not given were either covered by other instructions or were erroneous because they conveyed the idea that, before appellant could be guilty, it was necessary for him to have contributed to Gertrude Lee becoming a delinquent, whereas, under the statute, he might be guilty if he encouraged or contributed to her delinquency. Courts are not required to repeat their instructions nor to give instructions which are incorrect.

No error appearing, the judgment is affirmed.