

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Mr. Hall:

Opinion No. O-3250

Re: Authority of the Board of In-
surance Commissioners to
issue to the United States Avia-
tion Underwriters, Inc., a permit
pursuant to Article 5065, Revised
Civil Statutes, under the facts and
circumstances disclosed.

Your request for an opinion of this Department is before us, from which we quote:

"The United States Aviation Underwriters, Inc., a corporation incorporated under the laws of the State of New York, desires to submit an application for a license from the Board of Insurance Commissioners pursuant to Article 5065, R. C. S.

"This company's attorney advises us that The United States Aviation Underwriters, Inc., is a corporation which investigates and keeps advised of developments in engineering and aero dynamics, of developments in individual models of airplanes designed and sold by designers and manufacturers, of the inherent hazards, if any, in the individual airplane, and of the matter of legal liability that may be involved as to the pilot of the airplane, its passengers and third persons, as well as legal liability relative to the operation and control of airports. It obtains experience data relative to aviation risks and losses and supplies all such information, data and experience for the benefit of licensed local recording and solicitors of insurance companies admitted to do business in the State of Texas, as well as on behalf of the company itself. Its service includes the proper as-sembling of an insurance policy against fire or casualty hazards, or both, to meet the needs of an applicant for aviation insurance.

"As a result of your opinion No. O-1931, approved February 19, 1940, the following question arises: Is the Board of Insurance Commis-sioners authorized to grant to the United States Aviation Underwriters,

Inc., a permit pursuant to Article 5065 of the Revised Statutes of 1925, said United States Aviation Underwriters, Inc., being a corporation incorporated under the laws of the State of New York with a permit from the State of Texas pursuant to Subdivision 49 of Article 1302, authorizing it to act as trustee under any lawful express trust committed to them by contract and as agent for the performance of any lawful act?

"Your advice in the premises will be greatly appreciated."

You are respectfully advised that it is the opinion of this Department the permit requested by the United States Aviation Underwriters, Inc., should be refused.

A part of the proposed activities of the applicant is apparently to furnish to insurance companies advice with respect to "the matter of legal liability that may be involved as to the pilot of the airplane, its passengers and third persons, and as to the operation and control of airports." This would appear to be the practice of law in an unauthorized way in this State, under the provisions of the State Bar Act. But we do not need to put our answer upon this ground.

Section 1 of Article 1524a of Vernon's Codification of the Civil Statutes, dealing with loan and brokerage companies, is as follows:

"This Act shall embrace corporations heretofore created and hereafter created having for their purpose or purposes any or all of the powers now authorized in Subdivisions 48, 49 or 50 of Articles 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill Number 232 of the General and Special Laws of the Regular Session of the 40th Legislature. No such corporation shall act as agent or trustee in the consolidation of or for the purpose of combining the assets, business or means of other persons, firms, associations or corporations, nor shall such corporation as agent or trustee carry on the business of another."

This Act was passed by the 42d Legislature (1931) -- being Ch. 165, S. B. 165.

The United States Aviation Underwriters, Inc., being a corporation organized under the laws of the State of New York, with the corporate powers enumerated in subdivision 49 of Article 1302, of our Revised Civil Statutes,

upon obtaining a permit from the Secretary of State to transact its corporate business in Texas, would, of course, acquire authority to transact such business in Texas only in accordance with the laws of Texas relative to the powers conferred upon Texas corporations, under Subdivision 49, that is to say, in accordance with Article 1524a, Vernon's statutes, above quoted.

By the express provisions of Section 1 of Article 1524a, "No such corporation (Texas) shall act * * * as agent or trustee to carry on the business of another."

"To carry on the business of another" is to carry on or do the corporate business where that other is a corporation. It does not require that the whole of such corporate business of another corporation shall be thus carried on, but it is enough that any substantial part or act of the corporate purpose or business be done or carried on -- even an isolated act. This is the universal rule governing the construction of the phrase "doing business", in connection with permits to foreign corporations to transact or carry on their business in the domestic state. Phelps v. Jesse French & Sons Piano Co., 65 S. W. (2) 374; Kimble-Krough Pump Co. v. Judd, 85 S. W. (2) 579; S. R. Smyth Co. v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1147; Buhler v. E. T. Burrows Co., 171 S. W. 791, 11 Tex. Jur., p. 169, § 496.

The activities enumerated in your letter contemplated by the Underwriters is essentially a part of the corporate business of the insurance companies whom it would serve. The companies could not successfully carry on their business without such data and information as applicant's service contemplates. They must procure this service, however, from some person, or from some corporation having corporate power to supply it.

Not only is the contemplated activities of the United States Aviation Underwriters, Inc. ultra vires, but they are expressly forbidden by law.

Moreover, Section 1 of Article 5062a of Vernon's Codification of the Revised Civil Statutes, declares:

"Insurance agents as that term is defined in the laws of the State shall for the purpose of this Act be divided into two classes: local recording agents and solicitors."

This undertakes to divide all insurance agents, as that term is defined in the laws of the State, into two classes, to-wit: Local recording agents and solicitors. There can be no insurance agent who does not fall within one of these classes, for it comprehends all insurance agents.

Section 3, in the final sentence thereof, declares:

"The Board shall not issue a license to a corporation."

These provisions are a part of the Act of 1931, 42d Legislature. They appear to be sufficient within themselves to demand a refusal of the permit requested of you.

We are not unmindful of James N. Tardy Co. v. Tarver, 39 S. W. (2) 848, wherein the Supreme Court held that a corporation possessing sufficiently broad charter powers, was entitled under the laws of this State to be licensed as an agent for a company writing fire, marine and casualty insurance. In that case the extent of the corporate powers of the applicant corporation was not decided by the court -- it was not an issue in the case -- for, says the opinion, "respondent concedes that relator James N. Tardy Company's charter is broad enough to authorize it to act as an insurance agent." While Article 1520 of the Revised Civil Statutes then in force with respect to loan and brokerage companies contained the identical language as the present Article 1524a of Vernon's Codification, forbidding such corporations to carry on the business of another, as above stated, the court did not pass upon the charter power of the applicant, so that, whether James N. Tardy Company was a loan and brokerage company or not, has nothing to do with the point actually decided by the court. The respondent may have conceded too much in the defense of that case, but whether he did or not, the conceded issue was not determined by the court.

Again, Article 5062a, above quoted, was not then effective, so that the case under review is in no wise in conflict with our conclusion here expressed. On the contrary, it impliedly supports our conclusion that a corporation forbidden by law of its existence to carry on the business of another should not be appointed or permitted by a State instrumentality to carry on such business of another.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_

Ocie Speer
Assistant

APPROVED MAY 14, 1941

_Grover Sellers_

FIRST ASSISTANT
ATTORNEY GENERAL

Approved
Opinion
Committee

By_____
Chairman

OS-MR