31 So.2d 375

## LEE v. STATE.

## 8 Div. 575.

Court of Appeals of Alabama.
June 30, 1947.

Chas. E. Shaver, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

184

HARWOOD, Judge.

This appellant was by a jury found guilty of keeping a gaming table, in violation of Section 265, Title 14, Code of Alabama 1940.

The evidence presented by the state was directed toward showing that on a Sunday morning in 1946 two deputy sheriffs of Madison County entered a room immediately in the rear of, and adjoining, the Lincoln Cafe, in Madison County. They found some six men seated around a cloth covered table, with cards and poker chips in front of them. Several other men were in the room, and there were also a number of additional chairs and another table in the room. The six men seated around the table were arrested and charged with playing cards on Sunday. One of the arrested group requested that the appellant be called and this was apparently done. Appellant arrived in about 15 or 20 minutes. In reference to appellant's statements after his arrival, the record shows the following during the direct examination of Mr. Crutcher:

"Q. And when Mr. Lee came down did you or anyone in your presence offer him any reward or hope of reward or threaten him to get him to make a statement? A. No.

"Q. What did he say to you about that gaming table? A. He said that it was a club and he would make the bonds, that it was his club and he paid for his club and if there wasn't anything to it he didn't want to pay his money for it, and he wanted a test case and find out.

"Q. He wanted to have a test case and find out if his club permitted that? A. Yes sir.

"Q. Did he make the bonds for the boys? A. Yes sir, he came on down to the jail.

"Q. And made the bonds? A. Yes sir."

The appellant was arrested about a week after the Sunday in question.

Upon the State resting the appellant moved to exclude the evidence, which motion was denied, and exception taken.

Appellant offered no evidence in the trial below. His request in writing for the affirmative charge was refused.

Appellant's able counsel argues that the lower court erred in denying his motion to exclude the evidence, and in refusing his written request for the general affirmative charge.

Section 266 of Title 14, Code of Alabama 1940, specifically provides that in prosecutions for violation of Section 265, supra, (keeping a gaming table) it is not necessary to prove that any money was bet at the table.

In Bibb v. State, 83 Ala. 84, 3 So. 711, 714, our Supreme Court, in construing the precursor of our present statute wrote as follows:

"The offense of keeping a gaming table may be committed by a single act, or it may be one continuous in its nature, and may therefore be proved by one act, or a series of acts, showing the requisite criminal intention, by the proper measure of proof. The guilty party need not necessarily be engaged in the business of keeping such a table, any more than one who keeps a restaurant or keeps open store on Sunday contrary to law. Huttenstein's Case, 37 Ala. 157; Dixon's Case, 76 Ala. 89. For this reason it was competent to show by the witness Martin that he had heard on several occasions the 'rattling of chips,' such as are commonly used in playing the game of poker, going on in the room admitted to be occupied by the accused, and on one occasion, accompanying such sounds, words indicative of a proposal to bet money. These facts were relevant to show that the defendant was guilty of the charge of keeping a gaming table for gaming.

. "Any table kept and used for gaming has been held by this court to be 'a table for gaming,' within the meaning of the statute. The main inquiry for the court and jury, therefore, has reference to the use for which the table is kept or exhibited, for it is this use that characterizes its criminality. Toney v. State, 61 Ala. 1; Wren v. State, 70 Ala. 1. If the table so used for gaming is kept or exhibited anywhere, not being regularly licensed under the laws of this state, such keeping or exhibition is a violation of the law. It matters not whether the place is public or private. The statute is aimed at the evil of gaming, and no exception is made as to the place."

In view of the above principles, enunciated by statute and judicial opinion, it is our opinion that the evidence by the state was amply sufficient for the jury to infer therefrom that defendant committed the offense charged in the complaint.

After the motion to exclude the evidence the record shows there was a colloquy between counsel, the pertinent part of which was as follows:

"Mr. Smith: You are trying to inveigle around a law, to permit gambling in Madison County.

"Mr. Shaver: I suppose I could take offense at that remark. I am not trying to inveigle around anything. I think under the law of incorporation there has to be a provision, if there was a corporation out there, that there be no commission of gambling; that has to be in the charter.

"Mr. Smith: I didn't mean to reflect on you personally.

"Mr Shaver: We move for a mistrial on account of the statement of the Solicitor that I was trying to inveigle around a law.

"The Court: I overrule the motion. Gentlemen, of course that statement is not evidence in this case, and you will not consider that statement on the part of the Solicitor in arriving at your verdict in this case.

"Mr. Shaver: We except."

In view of the court's action in the premises, and the speculative character of the injury resulting to the appellant from a colloquy between counsel, not addressed to the jury, we cannot say that there was any abuse of discretion exercised by the trial court in denying appellant's motion for a mistrial. For numerous cases that might be cited see Ala.Dig.Crim.Law, ⊚⟶730(1).

Affirmed.