WILLIAMS *v.* CITY OF MALVERN.

4743                                    261 S. W. 2d 6

Opinion delivered October 5, 1953.

*Cole & Epperson* and *W. H. McClellan,* for appellant.

*Lawson E. Glover,* for appellee.

MINOR W. MILLWEE, Justice.   On appeal from the Malvern Municipal Court, the defendant was convicted in Circuit Court of the crime of contributing to the delinquency of a minor by indecently molesting an eight-year-old girl.

Although the information stated a date upon which the offense was alleged to have been committed, there was a total failure of proof on this point. The defendant contends that the city's failure to prove that the offense occurred within one year next preceding the filing

of the information, as required by Ark. Stat., § 43-1603, calls for a reversal. The city's confession of error on this point is well taken. Our cases hold that the State must prove the commission of a misdemeanor within one year next preceding the filing of the information or the finding of an indictment.

In construing § 43-1603, *supra,* in *Pate* v. *Toler,* 190 Ark. 465, 79 S. W. 2d 444, the court said: "The above section is somewhat more than a statute of limitations, as regards to time. Ordinarily, the statute of limitations in proceedings is a matter of defense, which may be pleaded or be waived. The above section, however, is a limitation upon the power of courts to try one for any offense less than a felony, unless the charge shall have been instituted within the year after the offense charged was committed. The State must prove that the offense was committed within the year prior to the filing or making the charge. *Stelle* v. *State,* 77 Ark. 441, 92 S. W. 530; *State* v. *Reed,* 45 Ark. 333." In the earlier case of *Dixon* v. *State,* 67 Ark. 495, 55 S. W. 850, the rule was applied even though, as here, the defect in proof was not called to the attention of the circuit judge at the trial but was raised for the first time in the motion for new trial.

It is also argued that it was incumbent on the State to prove that the prosecuting witness was in fact a delinquent child before the defendant could be found guilty, and that the failure to make such proof calls for a dismissal of the charge. While the authorities are in disagreement on the question, it is our conclusion that a defendant may be found guilty of contributing to the delinquency of a minor, under our statute, for acts which directly tend to cause delinquency, whether that condition actually results or not.

Under Ark. Stats., § 45-239, it is made a misdemeanor for any person to "cause, encourage or contribute to the dependency or delinquency of a child, as these terms with reference to children are defined by this act . . ." In defining a delinquent child, our statute (Ark. Stats., § 45-204) enumerates, among others, one "guilty of indecent, immoral, or lascivious conduct." In *Cham-*

*bers* v. *State,* 168 Ark. 248, 270 S. W. 528, we emphasized the point that one might be guilty under our statute if he encouraged or contributed to the delinquency of a child, but we expressly recognized that the infant there involved had in fact become delinquent although she had not been so adjudged.

The situation here is similar to that in *People* v. *Gruhl,* 388 Ill. 52, 57 N. E. 2d 371, where the court said: "The acts alleged against the plaintiff in error were such as would directly tend to render such child guilty of indecent and lascivious conduct. Since the crime was complete when the acts were committed, it was not necessary for the information to allege nor for the trial court to find that that child, who is the subject of the offense, should be or become, by reason of the acts committed, a delinquent child."

In *Wallin* v. *State,* 84 Okla. Cr. 194, 182 P. 2d 788, the Oklahoma court, in construing a statute similar to ours, said: "In construing this act, we must keep in mind that the purpose of the juvenile delinquency statutes is to protect youth of the State from those evil and delinquent persons who would lead them astray. We are not inclined in the slightest to impair the usefulness and strength of these statutes by placing upon them a narrow, limited and strict construction."

"Such protective statutes should be liberally construed. A liberal interpretation of the juvenile delinquency statutes arms the State with a two-edged sword, to protect children not delinquent from the suggestions of delinquency, as well as for the punishment of those who might commit such acts as to a child already delinquent. In this connection it is not necessary that delinquency result from acts tending to contribute to delinquency." See also, *People* v. *McDougal,* 74 Cal. App. 666, 241 Pac. 598; *People, on Complaint of Barber* v. *Caminiti,* 28 N. Y. S. 2d 133; *State* v. *Harris,* 105 W. Va. 165, 141 S. E. 637.

The defendant relies on the case of *Lee* v. *State,* 33 Ala. App. 183, 31 So. 2d 375, where the court held that

the indecent fondling of a female did not constitute contributory delinquency. This case was expressly overruled in *Smithson* v. *State,* 34 Ala. App. 343, 39 So. 2d 678, which is the subject of an exhaustive note on the question in 4 Ark. L. R. 477.

We gather from our statutes that it was the overall purpose of the legislature to safeguard the young and innocent from those evil influences which expose them to the dangers of delinquency. The rule followed in the foregoing cases is, in our opinion, entirely consonant with that purpose and we disagree with one text writer's conclusion that it represents an extreme position.[1]

The defendant argues other assignments of error, but the issues involved probably will not arise on a retrial. It should be noted that the indecent molesting or fondling of young children is now made a felony by Act 94 of 1953.

The judgment is reversed, and the cause remanded for a new trial.