McILWAIN v. STATE.

4851                                              294 S. W. 2d 350

Opinion delivered October 22, 1956.

*Claude F. Cooper, Harry E. McDermott, Jr.,* and *Spitzberg, Mitchell & Hays,* for appellant.

*Tom Gentry,* Attorney General and *Ben J. Harrison,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant was charged by information with having unlawfully possessed marijuana on November 9, 1954. The information also in-

voked the habitual criminal statute by asserting that the accused had been convicted in Texas of assault with intent to rob and had been convicted by a federal court in Tennessee of having been an unlawful transferee of marijuana. The court instructed the jury in the language of Act 258 of 1937, which provided that the unlawful possession of marijuana should be a felony. The jury returned a verdict of guilty and fixed the punishment at seven years imprisonment.

In his motion for a new trial the accused correctly pointed out that Act 258 of 1937, which made the offense a felony, had been expressly repealed by Act 62 of 1953. He further asserted in this motion that the prosecution was barred by the one-year statute of limitations applicable to misdemeanors. Ark. Stats. 1947, § 43-1603. After a hearing upon the motion the court reduced the sentence to one year in the penitentiary, apparently on the theory that the accused could be considered as having been convicted of a second offense either under the habitual criminal statute or under the Uniform Narcotic Drug Act. This appeal followed.

Inasmuch as the information was not filed until about fifteen months after the commission of the offense, the plea of limitations, if well founded, is decisive. It is settled that the one-year period allowed for the prosecution of misdemeanors is more than an ordinary statute of limitations; it goes to the court's power to try the case and may be raised for the first time in the motion for a new trial. *Williams* v. *City of Malvern*, 222 Ark. 432, 261 S. W. 2d 6. Hence the question is whether the appellant's offense constitutes a misdemeanor or a felony.

In view of the repeal of the 1937 act pertaining to marijuana the only pertinent statute is the Uniform Narcotic Drug Act. It provides that any person "violating any provision of this act" shall be punishable for the first offense by confinement in jail for not exceeding six months and for a subsequent offense by imprisonment in the State prison for not exceeding one year. Ark. Stats. § 82-1020. The appellant has not previously been

convicted under the Arkansas statute and is therefore a first offender under the language, quoted above. Since an offense punishable by not more than six months in jail is only a misdemeanor, Ark. Stats., §§ 41-103, 41-104, it follows that a first offense under the Uniform Narcotic Drug Act is not a felony.

Nor does the habitual criminal statute have the effect of converting a misdemeanor into a felony. That statute, being Act 228 of 1953, appears as Ark. Stats., §§ 43-2328 to 43-2330. Although it encompasses prior convictions in the federal courts and in other state courts, it is clear that the statute is applicable only when both the prior and present convictions are for felonies. Throughout the act the references are to offenses "punishable by imprisonment in the penitentiary," which is the statutory definition of a felony. Ark. Stats., § 41-103. In the emergency clause the legislature declared that "a number of persons who commit felonies have previously been convicted of felonies," etc. The habitual criminal statute increases the maximum penalty for a second felony conviction, but it does not purport to raise the grade of a second offense by transforming a mere misdemeanor into a felony. Thus the appellant's crime remains a misdemeanor, and the plea of limitations is a complete defense.

Reversed and dismissed.