Leon BACKUS *v.* STATE of Arkansas

5752                                              484 S.W. 2d 515

Opinion delivered September 18, 1972

*Lohnes T. Tiner,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

Carleton Harris, Chief Justice. Appellant, Leon Backus, was charged with the crime of unlawful possession of drugs with the intent to deliver, under the provisions of Act 590 of 1971 (Ark. Stat. Ann. §§ 82-2601-38 [Supp. 1971]). He was also charged with being an habitual criminal. On trial, Backus was found guilty of the current charge (possessing marijuana with intent to sell or deliver to other persons), admitted two previous felony convictions, and the court then instructed the jury as to the penalty prescribed under Ark. Stat. Ann. § 43-2328 (Supp. 1971) for a third felony offense. Thereupon the jury retired and fixed appellant's punishment at five years imprisonment in the Arkansas Department of Correction, and a fine of $15,000. From the judgment so entered comes this appeal.

The state, though recognizing that in *Bennett* v. *State,* 252 Ark., and *State* v. *Cosentino,* 252 Ark., both handed down on March 13, 1972, we held that a violation

of Article IV, § 82-2617 constituted a misdemeanor rather than a felony,[1] argues that Backus should simply have been sentenced to serve the sentence in the county jail rather than the Department of Correction; in other words, the jury found him guilty but rendered an illegal sentence, and it is urged that it is only necessary to send the case back for re-sentencing. We cannot agree. The penalty was fixed by the jury after they had been instructed that the punishment should be in accord with that provided for a third felony offense under the Habitual Criminal Act; of course, as stated, here the current, or third offense, was only a misdemeanor. A very similar situation arose in *McIlwain* v. *State,* 226 Ark. 818, 294 S.W. 2d 350, where McIlwain was charged with the commission of a felony and, on conviction, because of a previous felony conviction, sentenced under the provisions of the habitual criminal statute. This court, in reversing the judgment of conviction, held that the current offense was only a misdemeanor and stated:

"Nor does the habitual criminal statute have the effect of converting a misdemeanor into a felony. **** Although it encompasses prior convictions in the federal courts and in other state courts, it is clear that the statute is applicable only when both the prior and present convictions are for felonies. **** The habitual criminal statute increases the maximum penalty for a second felony conviction, but it does not purport to raise the grade of a second offense by transforming a mere misdemeanor into a felony."

The state argues however that Backus could not have been prejudiced even though the habitual criminal statute had been invoked because the penalty given by the jury was no more than appellant could have received under Act 590. Again, we are not persuaded by this argument. It is true that Act 590 of 1971 provides imprisonment of not more than five years and a fine of not more than $15,000 (or both) for the offense for which Backus was convicted; section 43-2328 (the section for third felony offenders under the habitual criminal law) provides as follows:

---

[1]The Extraordinary Session of the General Assembly of 1972 enacted Act 67, which amended Act 590 of 1971, and, *inter alia,* made such a violation a felony.

"If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for the offense, unless the maximum sentence is less than the minimum sentence plus three (3) years, in which case the longer term shall govern."

Accordingly, under the instructions of the court, it was necessary that the jury fix appellant's sentence at not less than three years and one day, or not more than five years. But can anyone say that the jury ignored the two previous felony convictions in assessing punishment for Backus? Would not this evidence be calculated to increase the sentence? In fact, the purpose in passing the Habitual Criminal Act was to increase the punishment for repeated offenders. Certainly, we cannot say that the jury would have fixed the same punishment even though they had not been apprised of the previous convictions. In *Crosby* v. *State,* 154 Ark. 20, 241 S.W. 380, we said:

"Where the effect of an erroneous instruction or ruling of the trial court might result in prejudice, the rule is that the judgment must be reversed on account of such ruling, unless it affirmatively appears that there was no prejudice. No such showing is reflected by this record."

This has been the law in this state since, at least, 1899,[2] and has been reiterated dozens of times.

It follows that the judgment of the trial court was erroneous.

[2]See *Magness* v. *State,* 67 Ark. 594, 50 S.W. 554, where this court, quoting from *Deery* v. *Cray,* 5 Wall. 807, said: "It is a sound principle that no judgment should be reversed in a court of error when the error complained of works no injury to the party against whom the ruling was made. But whenever the application of this rule is sought, it must appear so clear as to be beyond doubt that the error did not and could not have prejudiced the party's rights."

A third point for reversal relating to comments of the trial judge in replying to questions from the foreman of the jury is not likely to occur on re-trial and thus requires no discussion.

In accordance with what has been said, the judgment is reversed and the case remanded.

It is so ordered.

FOGLEMAN, J., not participating.