FLOWER v. THE STATE OF ARKANSAS.          | 39   209
                                          | 77   443

1.  LIQUOR:  *Druggist can not sell without license.*
    Under the license act of 1879 a druggist can not sell liquor without license—not even as medicine upon the prescription of a physician.

2.  SAME:  *Indictment:  Proof of license.*
    The averment in an indictment that the defendant had no license to sell liquor, need not be proved.   It is a matter particularly within the defendant's knowledge, and will be taken as true unless disproved.

3.  SAME:  EVIDENCE:  *Refusal to sell to others.*
    Evidence that the defendant refused to sell liquor to other parties, is no evidence that he did not sell to the party alleged in the indictment.

APPEAL from *Perry* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Moore*, Attorney-General, for the State:

Appellant *sold whisky* and *threw in* the powder. This was a mere subterfuge to evade the law.

SMITH, J. Flower was indicted for selling ardent liquors without license, pleaded not guilty, and on a trial before a jury was convicted. The proof showed that he kept a drug store in Perryville; that one Cook went to him, complained of feeling unwell, and stated that in his opinion it was whisky that he needed. After some hesitation, Flower delivered to him a pint of whisky, and also a saline powder, for which Cook paid him fifty cents.

Under the license act of March 8, 1879, druggists are not permitted to sell ardent spirits without a license—not even as medicine upon the prescription of a physician. (*Woods v. State, 36 Ark., 36.*) It did not help the defendant's case that the transaction was thereby disguised by giving the buyer a powder for which he had not called.

The court charged the jury that it was unnecessary for the State to prove that the defendant had no license. This was correct. The negative averment that he was unlicensed was particularly within his own knowledge, and must be taken as true unless disproved. *Hopper v. State, 19 Ark., 143; Williams v. State, 35 ib., 430.*

One of the grounds of the motion for a new trial was newly-discovered evidence. As this testimony only went to show that he had refused to sell to other persons, it had no tendency to prove the defendant's innocence of this particular charge.

Affirmed.