CHEW V. STATE.

43  361
77  443

1. LIQUOR: *No one can sell without license.*
   In this State no one, not even a druggist upon the prescription of a physician, can sell liquor without license from the County Court.

2. SAME: *License: None in three mile limit.*
   Where the local option law has been put in force in a given territory, the County Court is powerless for two years to license the sale of liquor within the same territory.

3. SAME: *Indictment for sale in prohibited district.*
   A party who sells liquor within a local option district may, since the passage of the act of March 26, 1883, be indicted either for selling without license, or for violation of the local option law.

APPEAL from *Union* Circuit Court.

*Barker & Johnson* for appellant.

The Legislature can't delegate the power to make laws, but it can make a law to delegate the power to determine some fact or state of things, upon which the law makes or intends to make its own future action depend. *Boyd v. Bryant,* 35 *Ark.,* 69. and authorities cited.

In the rightful exercise of this delegated power, ( see sec. 1, Acts 1883, page 54) the court by its order determined the " fact " that intoxicating liquors should not be sold within three miles of the churches of El Dorado, for a period of two years.

The information was drawn under the act of 26th March, 1883, which, the admitted fact shows, was not in force at the time the alleged offense was committed, within the area mentioned in the order of the County Court, where the offense was committed. The order of the County Court suspended and displaced that act, for two years from the date of the

order, and put into operation within that area of territory the Act of 21st March 1881, page 140, as amended 20th February, 1883, page 54, under which the information should have been drawn. The appellant can be held to answer, only under the latter acts, and has been improperly convicted of the offense charged in the information, as held by this court, in *State v. Orton*, 41*st Ark.*, 305; *State v. Cathey, Ib.*, 308; also in *Wilder v. State*, and *Carter v. State, MS opinions of May Term* 1884; see also *State v. Dubois*, 34 *Ark.*, 381.

Under the proof in this case, the appellant is not guilty of any offense in selling the whisky to Armstrong upon the prescription and certificate of Dr. Goodwin. Sec. 3, Act 21st March 1881, page 140, fully authorizes the sale as made in this case—This section is in full force, and was not repealed by the amended act of 20th February, 1883; *page* 54, 6*th Ark.* 9, *Higginbotham v. Watts, et al*, 23*d Ark.*, 304.

In Flower v. State, MS. opinion, May Term 1884, this court is credited with saying, "under the act of March 8th 1884, druggists cannot sell ardent spirits except upon the prescription of a physician." In this case is not the exception the law?"

*C. B. Moore* Att'y Gen'l, *contra.*

All the cases cited by counsel were decided upon the law as it was prior to *Act M'ch.* 28*th* 1883, *p.* 192, *Sec.* 2.

The *drag net proviso* to Sec 2 of this act, is "*cumulative merely*" and provides that a party may be convicted of violating either the three mile or the License Law. No whisky can be lawfully sold without a license, 35 *Ark.*, 631. A physician may prescribe and administer it as he would chloroform and other strong poisons, *Sec.* 3 *p.* 140 *Acts* 1881, but his prescription will not sheild a druggist or any one else from the penalty of the law.

SMITH, J. The appellant was charged with retailing

whisky without a license. The prosecution was begun by information filed by the Prosecuting Attorney before a Justice of the Peace, under the Act of March 1, 1883. He was convicted there, and again on appeal to the Circuit Court, and was fined $200. The case was tried upon an agreed statement of facts, in substance as follows:

The County had, on the 10th of December, 1883, prohibited the sale of intoxicating liquors within three miles of the Presbyterian Church at El Dorado, in accordance with the prayer of a petition signed by a majority of the adult inhabitants residing within said limits. At the January Term, 1884, the defendant, who is a druggist in the town of El Dorado, applied to the County Court for a license to sell whisky in said town, exhibiting the collector's receipt for the State and County taxes; and his petition was rejected. The defendant after this did sell one Armstrong in said town a pint of whiskey upon the certificate of Dr. Goodwin, a practising physician, that it was necessary for Armstrong. Dr. Goodwin is a partner of the defendant in the drug business and he had previously filed with the County Clerk the affidavit required by law to authorize him to prescribe alcoholic liquors in cases of sickness.

The jury were instructed in effect that if Chew sold the liquor without license, he was guilty and that the law made no reservation in favor of druggists. And the court rejected prayers for directions based upon the ideas that he was protected by the physician's certificate and upon the absence of any intention on his part to violate the law.

In this State no one can lawfully sell intoxicating liquors without first procuring a license from the County Court of his County. A druggist cannot sell them without license as medicine upon the prescription of a physician. *Wards v. State*, 36 *Ark.*, 36; *Flower v. State*, 39 *Id.*, 209; *State v. Butcher*, 40 *Id.*, 362.

1. LIQUOR: No sale without license.

No license in local option district And where the local option law has once been put in force within a given territory, the County Court is powerless for the space of two years to grant a license to any one to sell liquors within the same territory. *Act of Feb.* 20, 1883, amendatory of the Three Mile law, sec. 1; *Wilson v. State*, 35 *Ark.*, 414; *Blackwell v. State*, 36 *Id.*. 178.

A regular practising physician may, however, under the third section of the *Act of March* 21, 1881, prescribe and administer alcoholic stimulants to his patients, as he would chloroform or morphine.

3. Indictment may be under license or local option act. It is contended, however, that the prosecution should have been for a violation of the provisions of the Three Mile law and not for selling without a license which it was impossible to obtain. Such was the view taken by this court in *Debois v. State*, 34 *Ark.*, 381; *State v. Orton*, 41 *Id.*, 305; *State v. Cathey, Ib.*, 308 and perhaps other cases. But the third section of the *Act of March* 26, 1883, amendatory of the License Law, contains a drag net proviso that the penalties imposed by any special Act forbidding the sale of liquors in particular localities shall be merely cumulative of the penalties imposed by the License Act, and that the License Act shall apply to the territory embraced in the Three Mile law and all special Acts and that a party may be proceeded against under either Act.

Affirmed.