# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1888.

---

### BATTLE (and five other cases) v. STATE.

1. LIQUORS: *Construction of license law.*
   The construction placed upon the license law in *Chew v. State*, 43 Ark., 361 and cases there cited, that it forbids a sale of liquor for any purpose whatever, by an unlicensed dealer, is approved.

2. SAME: *Sale for medicinal purposes: " Three mile law."*
   The act of 1881, known as the "the three mile law," did not change the general license law, so as to permit the sale of liquors for medicinal purposes without a license.

3. SAME: *Who may furnish to the sick.*
   Under "the three mile law" a physician who files the oath required by that act is the only person who can furnish alcoholic stimulants to the sick in a prohibited district; and a sale made therein by a druggist is unlawful, although he sells for medicinal purposes and upon the prescription of such physician.

Vol. LI.—7

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

*G. W. Murphy*, for appellant.

The whole law considered in the light of the circumstances and the motive to its enactment, it is as clear as language can make it, that the intent was to permit the druggist to fill the prescription of the physician, who had made and filed the affidavit, even though it called for alcohol or whiskey; and this intent must prevail. *State v. Smith*, 40 Ark., 431; *Woodruff v. State*, 3 Ark., 285; *State v. Jennings*, 27 Ark., 419; *Holbrook v. Holbrook*, 1 Pick.; *Jackson v. Collins*, 3 Cow., 89; *Reddick v. Governor*, 1 Miss., 147; *Beall v. Harwood*, 2 Har. & J., 167; *Wilkinson v. Leland*, 2 Pet., 662; *People v. Utica Ins. Co.*, 15 Johns., 358; *Minor v. Mechanic's Bank of Alexandria*, 1 Pet., 64. The conjunctions "and" and "or" are treated as convertible, where the context requires it. *State v. Brandt*, 41 Iowa, 593; *People v. Sweeter*, 1 Dak. Ter., 309; *State v. Pool*, 74 N. C., 402.

The circuit court held that the physician, *only*, could furnish the stimulant, and that his prescription was no protection to the druggist.

This was extremely technical; it denied the influence of intelligent motive in the law making power.

No license to fill the prescription, or sell intoxicating liquors in the district embraced by the prohibitory order could have been granted, nor was any required.

But in any event the first instruction asked by appellant should have been given; the fact that a druggist kept alcohol or whiskey to make tinctures or compounds raised no authority, by implication, in the clerk to sell it without his knowledge.

*Dan. W. Jones*, Attorney General, for appellee.

There are but two questions raised in these cases:

First: That the party indicted had no criminal agency, part in or knowledge of the sale. This is settled against appellants in the case of *Robinson & Warren v. State*, 38 Ark., 642; *Waller v. State*, 38 Ark., 656.

Second: That appellants are protected by section 4526 of Mansfield's Digest.

It must be borne in mind that they are not indicted for a violation of the "three mile law," but for a violation of section 4511 of Mansfield's Digest. But even if they were indicted for a violation of the "three mile law," they were properly convicted, for the language of that act is "to prevent the prescribing *and furnishing*."

Being indicted for a violation of section 4511 of the Digest we think that the following cases may be considered conclusive of this point: *Woods v. State*, 36 Ark., 36; *Flower v. State*, 39 Ark., 210.

COCKRILL, C. J.

These six appeals from convictions for violation of the liquor laws have been submitted together as involving similar questions. Some of the convictions were had under the general license law and some under the three mile local option law.

All the defendants are druggists and each sold whiskey to his customers on the prescription or requisition of a practicing physician that it was for a sick person under his charge. The physician in each case had made and filed the oath hereinafter mentioned as the law prescribes.

The question presented is the correctness of the defendant's contention that it was the intention of the legislature, as ex-

Battle v. State

pressed in the third section of the Act of March 21st, 1881, known as "the three mile law," to authorize druggists to sell any kind of ardent spirits on the prescription of a physician who had qualified himself to prescribe alcoholic and vinous liquors for the sick, by compliance with the requirements of the act.

1. LIQUORS: Construction of license law. It is the settled construction of our license law that no one without a license can lawfully sell any of the prohibited liquors or concoctions mentioned in the act—not even a druggist when selling as medicine in good faith upon the prescription of a practicing physician. *Woods v. State*, 36 Ark., 36; *Flower v. State*, 39 Ib., 209; *State v. Butcher*, 40 Ib., 362; *Chew v. State*, 43 Ib., 361.

The presumption is that in licensed districts ardent spirits needed for medical purposes can be procured from a licensed dealer. *Wood v. State*, 36 Ark., sup., and the intention of the license act is to confine the traffic to such persons.

2. SAME: Sale for medicinal purposes. The terms of the act prohibit a sale by an unlicensed person "for any purpose whatever," no exceptive provision being made in favor of the druggist or for medical purposes. The legislative intent, like that expressed in the similar statutes of Illinois and other states, has therefore been considered too manifest for the courts to engraft any exception upon the statute. *Wright v. People*, 101 Ill., 126; Bish. St. Cr., sec. 1026 N. 6. This was the construction placed upon it prior to the enactment of the three mile law, and that that act did not alter it was decided in *Chew v. State, sup.*

The question remains, does the three mile law intend to exempt druggists selling ardent spirits as medicine upon the prescription of a physician within the prohibited district, where no license can be obtained, from the penalties imposed by the law? The first section of the act is to the effect that

when the county court upon a prescribed petition has prohib-
ited sales within a radius of three miles of a designated point,
'it shall be unlawful for any person to vend or give away any
spiritous, vinous or intoxicating liquors of any kind,'' etc.,
within the district described in the order.

Now the value of spiritous liquors in the treatment of dis-
eases is, perhaps, universally recognized. But as no license
can be had in the prohibited district, if no one can lawfully
sell or give them away their use as a medicine would practi-
cally be lost. But the intention of the legislature not to
bring about that state of things is manifested by the third
section of the three mile law, which is as follows: "This
act shall not be construed as prohibiting the use of wine for
sacramental purposes, or to prevent the prescribing and fur-
nishing of alcoholic stimulants by a regular practicing physi-
cian to the sick under his charge when he may deem the
same necessary; but before such physician shall be author-
ized to prescribe and furnish such alcoholic stimulants, in
order to protect himself from the penalty of this act, he shall
file in the office of the county clerk in the county in which he
resides an affidavit, which shall be in the following form, to-
wit: I,——, do solemnly swear or affirm that I am a regu-
larly practicing physician and that I will not prescribe or fur-
nish any vinous or alcoholic stimulants to any one except it
be in my judgment, a necessity in the treatment of the dis-
ease with which he shall be at the time afflicted.'' Here
provision is made for furnishing alcoholic stimulants to the
sick. But by whom may such a stimulant be furnished? 3. SAME:
Who may
The act limits its protection to the physician who prescribes furnish to the
sick.
it. Its language is to the effect that he may "prescribe and
furnish" alcoholic stimulants, but that in order to protect
(not another, but) himself from the penalty of the act "he

shall make and file an oath that he will not prescribe or fur-
nish it unless he believes it to be a necessity.'' Where these
statutory provisions and limitations prevail, says Mr. Bishop,
''they must in reason and it is believed on authority be ac-
cepted as the measure of the right to make such sales, so
that no further right can be superinduced by interpretation.''
Bish. St. Cr., sec. 1019. The legislature has selected the
physician as the only person to be entrusted in a prohibition
district with what they deem a dangerous agency liable to
abuse, and the courts are not authorized to extend the privi-
leges by construction to the druggist or any one else. This
was the construction given the act in *Chew v. State, sup*.

In the earlier case of *State v. Bailey*, in the same volume
(p. 150), which is relied upon by appellants, the question
was not directly ruled. It was objected to the indictment
in that case that it did not negative the fact that the defend-
ant was a druggist selling for medical purposes only, and it
was held that the exceptions in the statute not being in the
enacting clause, needed not to be noticed in the indictment.
The meaning of the exception was not declared.

Chew's case, sup., was a conviction of a druggist for sell-
ing whiskey without a license, although the sale was on the
prescription of a physician as in these cases, and in a pro-
hibited district. As the Act of March 26th, 1883, makes a
guilty sale in a prohibited district punishable under either the
license or the three mile law, it is not probable that it was
the legislative intent to make a given case violative of one
act and not of the other. Chew's case is conclusive of this.

Some of the defendants were indicted under the statute
making it an offence to be interested in the sale of liquor.
There was no proof to distinguish their cases from those of
*Robinson v.State*, 38 Ark.; 641, and others following it. See

Bish. St. Cr., sec. 1024; *Com. v. Nichols*, 10 Met. (Mass,)
259. Affirm.