CRAWFORD *v.* STATE.

Opinion delivered June 8, 1901.

LIQUORS—UNLAWFUL SALE—INSTRUCTIONS.—Sand. & H. Dig., § 4881, provides that any person owning, using or controlling any house who shall sell or give away any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, shall be guilty of a misdemeanor. Defendant, accused of violating this act, testified that he sold in his store a drink made of acids according to a certain formula, which was not intoxicating, and contained no alcohol. The court gave two instructions to the jury to the effect that if defendant sold intoxicating compounds, or alcoholic compounds which, though not intoxicating, are used and drunk as a beverage, he was guilty. Defendant asked the court to instruct the jury that if "the articles sold, which the witnesses call 'cider,' was a combination of acids made by the formula introduced in evidence, and contained no intoxicating ingredients that intoxicate, as alcohol, ardent wines, malt or fermented liquors do, then the jury will acquit." The court amended the instruction by adding to it the words, "unless said acid or drink was used, sold or drunk as is pointed out" in the instructions above set out. *Held*, erroneous, as conveying the idea that if the drink sold by defendant was used as a beverage, a misdemeanor was committed, although it contained no intoxicating elements.

Appeal from Cleveland Circuit Court.

ZACHARIAH T. WOOD, Judge.

*W. S. Amis,* for appellant.

The evidence does not make out a violation of the "blind tiger act." The court erred in the giving and refusal of instructions and in qualifying appellant's second one.

*Geo. W. Murphy, Attorney General,* and *J. M. McCaskill,* for appellee.

There was no error in the court's refusal to give appellant's first requested instruction. 45 Ark. 173. Nor was the qualification of appellant's second one error. 56 Ark. 444. Cider is alcoholic. 35 Fed. 570.

BATTLE, J.  Ed Crawford was accused before a justice of the peace "of running a blind tiger, by the clandestine sale or giving away of intoxicating liquors," "such as alcohol, and ardent and vinous spirits, and malt liquors, and cider and wine," "in his store or grocery house just east of the railroad crossing, south of the town of Rison about one-half mile, near the south corporate limits of the town," in the county of Cleveland, and in the state of Arkansas.  He was convicted, and appealed to the Cleveland circuit court, and was convicted in that court, and fined in the sum of $100, and then appealed to this court.

In the trial before a jury, witnesses testified that they purchased cider of the appellant and drank it; that it had a stimulating effect upon them; that there was no taste of whisky or alcohol in it; that the taste was like cider, and was a pleasant drink; that appellant "drew it out of a small barrel sitting in his store, and sold it over the counter just as he did his other goods."  One witness testified that he thought "it was somewhat intoxicating."

The appellant testified that he heard the witnesses testify that they had purchased cider from him; that he sold to them the cider; that he made it according to the following "formula:" "Put 5 gallons of water into a tub, and dissolve 22½ pounds granulated sugar; add three-fourths of a pound of tartaric acid, and dissolve; then add one-half ounce salicylic acid, then two ounces ruby color, and stir well; then add four ounces Moore and Hill's extract of cherrry, stirring the whole until well mixed; then measure up into a keg and fill out with water to make 16 gallons." He further testified that the cider sold by him contained nothing except what the formula called for, and was not made by fermentation; that it is a pleasant, sour drink; that the business men of his town came to his store and drank it; and that he never saw any one intoxicated by it.

Upon this evidence the court, among others, gave two instructions, and numbered them 3 and 4, which are as follows:

"3.  The court instructs the jury that the statutes prohibit the sale of any compound or preparation containing alcoholic liquors, which, though not intoxicating, is used and drunk as a beverage, or in lieu of a stronger drink.

"4.  You are instructed that if you believe from the evidence that defendant, at any time within twelve months next before the filing of the information in this case, sold or gave away any

kind of compound or preparation whatever, as a beverage, or otherwise, that contained intoxicating elements of any quantity, you should find him guilty as charged."

The appellant asked, and the court refused to give, the following instruction: "2. If the jury finds from the evidence that the articles sold, which the witnesses call cider, was a combination of acids made by the formula introduced in evidence, and contained no intoxicating ingredients that intoxicate, as alcohol, ardent wines, malt or fermented liquors do, then the jury will acquit the defendant." But amended it by adding the words, "unless said acid or drink was used, sold or drunk, as is pointed out in instructions numbered 3 and 4 in this case," and gave it as amended, over the objections of the appellant.

The court erred in refusing to give the instruction as asked, and in giving it as amended. The accusation against the appellant was based upon section 4881 of Sandels & Hill's Digest, which provides: "Any person owning or using or controlling any house or tenement of any kind who shall sell or give away, or cause or allow to be sold or given away, or keep or allow to be kept for sale or to be given away, any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, whether the same be sold or given away openly or secretly, by such device as is known as the 'blind tiger,' or by any other name or under other device, shall be deemed guilty of a misdemeanor." It is clear that it was not unlawful or a misdemeanor, under this statute, to sell the liquid manufactured and sold by the appellant, unless it was alcohol, or ardent or vinous spirits, or malt liquors, or any compound or tincture commonly called "bitters" or "tonics," or such liquors, compound or tincture, in another name or form. The obvious intent of the statute is to suppress the unlicensed sale of intoxicating liquors, as such, or as a compound or tincture commonly called "bitters" or "tonics," or by any other name or device. While it does not attempt to specifically mention all compounds or tinctures included, it does designate what is meant by a reference to the oft-repeated efforts to evade the penalties of the law by the sale of intoxicating or stimulating beverages under the name of "bitters" or "tonics," thereby showing the intent to make the unlicensed sale of all such beverages, under any name, a misdemeanor. Such being the plain intent and meaning of the statute, it is obvious that the liquid sold by the appellant must be a compound of one or more of the liquors

under the ban of the law with other ingredients, or contain the elements necessary to constitute an intoxicating liquid in such form as it may be used as a beverage, notwithstanding the other ingredients, in order to make the selling or giving it away a misdemeanor, within the meaning of the statute.

Inasmuch as there was evidence upon which to base it, the instruction refused should have been given in the form asked. The amendment added conveys the idea that if the so-called cider sold by the appellant was used, sold or drunk as a beverage, a misdemeanor was committed, although it contained no intoxicating elements. The amendment was a prejudicial error.

Reversed and remanded for a new trial.