STELLE *v.* STATE.

77   441
f 84   566

Opinion delivered January 13, 1906.

1. MISDEMEANORS—LIMITATION—BURDEN OF PROOF.—In a prosecution for a misdemeanor it devolves upon the State to prove the commission of the offense within one year preceding the finding of the indictment. (Page 442.)

2. INTOXICATING LIQUORS—SALE OF "PERUNA" WITHOUT LICENSE.—Evidence that defendant sold a liquid preparation known as "Peruna" without license, and that it was intoxicating and was used as a beverage, is sufficient to sustain a conviction of selling intoxicating liquor without license. (Page 443.)

3. SAME—DEFENSE.—In a prosecution for selling intoxicating liquor without license it is no defense to say that, although it was intoxicating, it was sold in good faith for use as medicine. (Page 443.)

4. SAME—LIABILITY OF SELLER.—One who sells a compound or preparation containing liquor must aquaint himself with its contents. (Page 443.)

Appeal from Pike Circuit Court; JAMES S. STEEL, Judge; affirmed.

*J. C. Pinnix, W. P. Feazel* and *W. C. Rodgers,* for appellant.

1. There is no proof that the sale was within one year next before the finding of the indictment. Kirby's Digest, § 2106. Proof of the time of commission of the act is essential. 67 Ark. 495, 497.

2. The court erred in peremptorily instructing the jury that the defendant was guilty. 87 Ala. 17. There was no proof that "Peruna" was prepared to be sold for use and to be drunk as a beverage. It is not the intention of the law to prohibit the sale of medicines because they contain a proportion of alcohol. 39 Ark. 450; 50 Ark. 17; 72 Ark. 14. Whether the sale was in violation of the statute was a question of fact for the jury, and not of law for the court. 17 Am. & Eng. Enc. Law (2 Ed.), 204; 70 Mo. App. 554; 59 Ark. 341.

*Robert L. Rogers, Attorney General,* for appellee.

1. The proof was sufficient to warrant the finding that the sale was within one year next before the finding of the indictment. 62 Ark. 497.

2. The proof shows that "Peruna" is intoxicating, and that it was sold for use as a beverage. The offense was complete.

McCULLOCH, J. The appellant was convicted under an indictment charging him with having sold intoxicating liquor

without license. The testimony is undisputed, and the court instructed the jury to return a verdict of guilty, which was done, the lowest punishment provided by the statute being inflicted.

Appellant sold to one Kelly an intoxicating compound called "Peruna," which was used as a beverage. He contends that the evidence did not warrant the instruction of the court and conviction because it failed to show that the alleged offense was committed within one year next before the finding of the indictment, or that he sold the liquor to be drunk as a beverage.

The statute provides that "no person shall be tried, prosecuted and punished for any offense less than a felony unless the indictment be found within one year after the commission of the offense" (Kirby's Digest, § 2106), and in all prosecutions for misdemeanors it devolves upon the State to prove the commission of the offense within that time. *Dixon* v. *State,* 67 Ark. 495.

The indictment in this case was returned by the grand jury of Pike County on February 18, 1904, and the trial was had on September 20, 1905.

The only evidence as to time of sale of the liquor is the testimony of witness Kelly as follows:

"Q. Mr. Kelly, have you bought any Peruna from Mr. Stelle at any time within twelve months before the 18th day of February, 1904? If so, tell the jury how much you bought, and what you paid for it.

"A. Why, I bought a bottle of Peruna from Capt. Stelle, and gave him a dollar for it.

"Q. About when was that?

"A. I couldn't tell you exactly what time it was. It has been two years ago and over."

Two years prior to the date of the trial would carry it back to September, 1903, five months before the finding of the indictment. The answer elicited from the witness by the first question quoted above fixes the time of the commission of the offense on a date within one year before the finding of the indictment. The answer to the next question leaves the precise date in uncertainty, but does not contradict the first answer. It fixes a date more than two years before the trial, but not necessarily more than a year before the indictment was returned. The two answers are not in conflict, and, reading them together, it fixes the commission of the

cffense some time between February 18, and September 29, 1903. This was undisputed, and warranted a peremptory instruction so far as that question was concerned. Appellant testified in his own behalf, and detailed the circumstances attending the sale of the liquor to Kelly, but was not asked about the time of the sale, and gave no testimony on that point.

Appellant next contends that he committed no offense, because he sold the liquor as a medicine, and not as a beverage. Or, rather, that there was a conflict in the testimony upon that question, and it should have been submitted to the jury. It is, however, established by the testimony in the record beyond dispute that Peruna is intoxicating, that it was used as a beverage, and that appellant sold it without having previously obtained a license. This is sufficient to warrant a conviction. If the liquor is intoxicating, it is, under the statute, unlawful to sell it for any purpose. It is no defense to say that, notwithstanding the fact that the liquor is intoxicating, it is sold for use as a medicine. If such were held to be the effect of the statute, whisky could be sold without a license as a medicine. This court has, however, repeatedly held to the contrary. *Woods* v. *State,* 36 Ark. 36; *Flower* v. *State,* 39 Ark. 209; *Chew* v. *State,* 43 Ark. 361; *Battle* v. *State,* 51 Ark. 97.

"In this State no one can lawfully sell intoxicating liquors without first procuring a license from the county court of his county. A druggist cannot sell them without license as medicine upon the prescription of a physician." *Chew* v. *State, supra.*

The statute, in plain terms, forbids the sale for any purpose without license of any intoxicating liquor which may be used as a beverage. *Crawford* v. *State,* 69 Ark. 360; *Bradshaw* v. *State,* 75 Ark. 562.

The seller must acquaint himself with the contents of the liquid preparation he is selling; and if it is one of the liquors under the ban of law, "or contains the elements necessary to constitute an intoxicating liquid in such form as it may be used as a beverage," it is unlawful to sell the same, even though the seller do so thinking in good faith that it is to be used as a medicine.

Judgment affirmed.