## ROBERTS *v.* TATUM.

### Opinion delivered May 17, 1926.

1. CONTEMPT—SUFFICIENCY OF CITATION.—A citation for contempt which orders the alleged contemnor to appear in court and show cause why he should not be punished for contempt of court in running off a witness in a certain case, without stating the facts constituting the offense or the court against which the contempt is alleged to have been committed, is insufficient.

2. CONTEMPT—JURISDICTION.—A court of the Fort Smith District of Sebastian County has no jurisdiction to punish a contempt committed against a court of the Greenwood District of the same county.

3. PROHIBITION—SCOPE OF INQUIRY.—On an application for a writ of prohibition, the inquiry is limited to consideration of jurisdiction.

4. PROHIBITION—NECESSITY OF OBJECTION TO JURISDICTION.—Objection in the lower court to its exercise of jurisdiction is not a jurisdictional fact upon which the power to issue a writ of prohibition depends, but is discretionary and unnecessary where it would obviously be futile and would result in unnecessary or hurtful delay.

Prohibition to Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; prohibition granted.

*Carmichael & Hendricks* and *Evans & Evans,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J.   John P. Roberts has filed a petition for a writ of prohibition, which contains the following recitals and allegations:   On March 22, 1926, there was pending in the circuit court for the Greenwood District of Sebastian County an indictment for burglary and grand larceny against one Neal Fuller, but the circuit court for that district of the county was not then in session.   The circuit court for the Fort Smith District of Sebastian County was in session on that day.   The court for the Greenwood District had been adjourned until March 26, 1926, at which time an adjourned session of the court was to be held, and the indictment against Neal Fuller, charged with burglary and grand larceny, had been set for trial on that day.

On June 29, 1925, one Hubert Smith was convicted in the circuit court for the Fort Smith District of Sebastian County on an indictment charging him with receiving stolen property.   An appeal was prosecuted to this court, and on November 23, 1925, the judgment of the lower court was affirmed.   Petitioner is a practicing attorney, and in that capacity represented the said Smith, and was one of the sureties on his bond on the appeal to the Supreme Court.

On March 22, 1926, the said Smith came to petitioner, as his attorney and bondsman, and requested petitioner to accompany him to the penitentiary, where he desired to surrender himself, and petitioner accompanied the said Smith to Little Rock, where he was surrendered to the penitentiary authorities.   The said Smith was at the time under subpoena as a witness in the case of *State* v. *Neal Fuller,* pending in the circuit court for the Greenwood District of Sebastian County, but was not a witness in any case pending in the Fort Smith District of the county.

On April 1, 1926, the Honorable John E. Tatum, the regular presiding judge of the Twelfth Judicial Circuit, of which Sebastian County is a part, sitting as the presiding judge of the circuit court for the Fort Smith District of Sebastian County, caused the following order to be entered of record:

"In the Sebastian Circuit Court, Fort Smith District.

"State of Arkansas, plaintiff, v. John P. Roberts, defendant.—No. 9070.

CONTEMPT OF COURT.

" '4-1-26.    Ordered that a citation issue for John P. Roberts to appear on the 6th day of April, 1926, at 1 P. M., to show cause, if any he has, why he should not be punished for contempt of court, for running the witness Hubert Smith, who had been duly subpoenaed to appear in the case of State of Arkansas v. Neal Fuller.' "

Pursuant to this order, the clerk of the court issued a citation to petitioner to appear in the circuit court for the Fort Smith District of Sebastian County on the 6th day of April, 1926, to answer the charge of contempt alleged to have been committed by him by running off Hubert Smith, a witness for the State in the case of the State of Arkansas v. Neal Fuller.

After denying that he was guilty of running the witness off, petitioner alleged that the circuit court for the Fort Smith District of Sebastian County had no jurisdiction to try the petitioner for said alleged contempt, for the reasons, (a) that no sufficient statement in writing was filed or made against petitioner before the issuance and service of citation, and (b) that the said Hubert Smith was not a witness in any case pending in the circuit court for the Fort Smith District of Sebastian County, out of which the citation issued, but was a witness in a case pending in the circuit court for the Greenwood District. It was therefore alleged that, if any contempt was committed, it was against the circuit court for the Greenwood District, of which the circuit court sitting in the Fort Smith District had no jurisdiction.

It was further alleged by petitioner that, notwithstanding this lack of jurisdiction, the circuit court for the Fort Smith District would, unless restrained, proceed, on the said 6th day of April, 1926, to try and punish petitioner by fine and imprisonment for said alleged contempt.

Pending the hearing of the petition a temporary restraining order was issued suspending the proceedings of the court below.

A response has been filed by the judge of the court, in which the facts just summarized are set out in detail. It appears from this response, in an unmistakable way, that the circuit judge is of the opinion not only that he has jurisdiction to try and punish petitioner, but also that appellant was guilty of contempt of his court.

The case of *CarlLee* v. *State,* 102 Ark. 122, has become the leading case in this State on the practice in contempt cases, and has been followed and quoted from in several decisions since rendered. It was there said: "Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts constituting the offense with which he is charged and an opportunity to make defense thereto—his day in court."

We have concluded that the order of the court upon which the citation issued, and which we have set out in full, is insufficient in form to meet this requirement. There is no special form in which an order of citation must appear, but, whatever its form, it must be sufficiently definite to apprise the party accused with reasonable certainty of the nature of the charge against him, so that an opportunity will be afforded to make defense thereto.

The order fails to state the court against which the petitioner was guilty of contempt, and if it be said that the presumption is that it was against the court which issued the citation, it may be answered that this is a jurisdictional requirement, and the accusation should not rest upon a mere presumption. The reason for this requirement is shown by the facts of this case. As a

matter of fact, petitioner is not charged with defying the process of the circuit court for the Fort Smith District—the court which made the order—yet, if a presumption, instead of an affirmative recital, were sufficient, he would be misled in making his defense.

We conclude therefore that the order of citation was insufficient to meet the requirement announced in the CarlLee case, *supra.*

It is quite apparent from the response filed in this cause that the judge of the Twelfth Circuit, who presides in both districts of Sebastian County, is under the misapprehension that he had the jurisdiction to cite appellant to appear in the Fort Smith District, although the alleged contempt was committed against the circuit court of the Greenwood District. We think it therefore not inappropriate to say that the learned judge is mistaken in this. It is true that he is the judge of both courts, but the alleged contempt is the defiance or circumvention of the orders of the court, and the court thus alleged to have been offended against is that of the Greenwood District, and any proceeding to punish for contempt of that court would have to be in that court, and not in another and different court.

The circuit court for the Fort Smith District is one court, and that of the Greenwood District is another. They are separate and distinct. Each has the right to protect its own authority and enforce its own process and to punish contemptuous disobedience thereof; but neither has the jurisdiction to perform that service for the other. Citation for contempt must issue out of the court offended against.

We do not consider whether petitioner is guilty of contempt of either court under the facts alleged in the petition and the response, as this is an application for prohibition, and our inquiry in such a proceeding is limited solely to a consideration of the question of jurisdiction. *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169.

It is insisted that the writ of prohibition should not be awarded, for the reason that petitioner did not first appear in the court below and make formal objection to the jurisdiction of the court. In the case of *Monette Road Imp. Dist.* v. *Dudley, supra,* we recognized the general rule, which imposes the requirement that objection to the jurisdiction of the court against which prohibition is asked should first be made in that court, but it was there decided that this requirement was not without exceptions thereto, in which connection it was said: "This, we think, is the correct view of the matter, and it will necessarily follow, under this rule, that, where it is obvious that an objection made to the court itself would be futile and would result in unnecessary or hurtful delay, this ought to and does form an exception to the general rule of discretion that, before a writ of prohibition can be asked for, objection to the exercise of that jurisdiction must be made to the court. This exception is well sustained by the authorities. (Citing cases)."

At § 320 of Ferris on Extraordinary Legal Remedies it is said: "In some jurisdictions the question is regarded as one of practice, not of jurisdiction, and the enforcement of the rule is declared to be discretionary, and in no sense rigid and arbitrary. * * * It is not the purpose of the rule or practice to require the question to be litigated below and decided for review in the superior court, but only to give the lower court an opportunity to correct its act in excess of jurisdiction, due to misapprehension or oversight, or some adventitious circumstance. Therefore it would seem that its application is clearly unnecessary in any circumstance in which the intention of the inferior court to act beyond its jurisdiction is made apparent in any way, as when it appears in any manner that such court has acted deliberately, or has considered the question of its jurisdiction and intends to proceed, where application to the court below would be a mere formality."

And in the same section it is also said: "Criminal cases, involving personal liberty, sometimes invoke the

discretion of the court. Thus it was held that, notwithstanding the right to an appeal, if the situation disclosed be such that, to take the ordinary course by appeal would of itself subject the complainant to irreparable loss, the writ should issue, notwithstanding no objection was made below; that the matter of judicial courtesy should yield to substantial personal rights of litigants, such as a sacrifice of their liberty.''

The instant case is an example of the cases which are exceptions to the general rule. Here the proceeding was initiated by the court itself, and, after the writ of prohibition had been applied for in this court, a response was filed, in which jurisdiction is asserted, and it is therefore morally certain that the court below will proceed to a hearing of the matter unless prohibited by this court.

''The true test is, as stated in the case already cited (*Weaver* v. *Leatherman,* 66 Ark. 211), whether or not the court is proceeding beyond its jurisdiction; and, when that state of facts is shown to exist, the remedy by prohibition is the appropriate one. A litigant is not bound to submit to the exercise of jurisdiction not authorized by law, even though he has the right of appeal after the exercise of the jurisdiction has been consummated, and has resulted in a judgment from which he can appeal. The remedy by appeal is afforded from an unjust judgment, whether it be void or merely erroneous (*Pritchett* v. *Road Improvement District,* 142 Ark. 509); but the remedy by prohibition is afforded as a protection against a wrongful attempt to exercise jurisdiction unauthorized by law.'' *Monette Road Improvement Dist.* v. *Dudley,* *supra.*

We conclude therefore that the court below is without jurisdiction to proceed against petitioner, and the writ of prohibition will be awarded.