SARGENT & CO. *et al. v.* DE SOTO PAINT & VARNISH CO.

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

HUGH EDGINGTON, of Memphis, for plaintiffs in error.

248

CHARLES P. POWELL, of Memphis, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Plaintiff's action in replevin was sustained by the judgment of the circuit court, and the defendant has appealed in error.

The property replevied is a quantity of paints, taken from the stock of merchandise of J. G. Weatherall by levy of execution thereon. The execution was levied to satisfy a judgment against Weatherall in favor of Sargent & Co. for $300.

The plaintiff in replevin, De Soto Paint & Varnish Company, asserts ownership of the property. It is shown by stipulation that the property in controversy was a portion of a quantity of paint delivered by the plaintiff to Weatherall for sale by him, under a written contract which purports to designate Weatherall as the sales agent of the plaintiff.

It is the contention of the defendant the judgment creditor that the contract constitutes an effort to retain title to this merchandise in the De Soto Company, while exposed for sale, and that such a contract is fraudulent and void in law. In support of this contention the defendant cites 55 Corpus Juris, p. 1214, sec. 1201, dealing with conditional sales.

It is ruled in this jurisdiction that a conditional sale to a retail merchant of goods to be resold in his business cannot be effected; that the retention of title under such a state of facts is fraudulent and void. *Star*

*Clothing Manufacturing Co.* v. *Nordeman,* 118 Tenn., 384, 100 S. W., 93.

██ The plaintiff insists, however, that the contract in issue is not one of conditional sale, but is a contract of bailment. Plaintiff relies upon the rule that a mere consignment of goods to an agent for sale does not subject them to levy at the instance of the consignee's creditors. 23 R. C. L., p. 1215 (Sales, sec. 33); 17 R. C. L., p. 155 (Levy and Seizure, sec. 53).

It is recognized in the reported cases that the nature of such a contract is to be deduced from its terms, and that the intention of the parties, as expressed by its terms rather than its formal designation, will control the determination of whether it is a contract of sale or a bailment or agency contract. See *Arbuckle Bros.* v. *Kirkpatrick,* 98 Tenn., 221, 39 S. W., 3, 36 L. R. A., 285, 60 Am. St. Rep., 854; *Mitchell Wagon Co.* v. *Poole* (C. C. A.), 235 F., 817.

██ The contract before us recites that the De Soto Paint & Varnish Company agrees to consign to Weatherall an assortment of products manufactured by it, including paints, varnishes, etc., in an amount not to exceed $500. We quote the material provisions of the contract:

"It is further agreed that such products shall be billed by First Party to Second Party on its regular invoices and at a discount of 20% beyond dealers net prices as published in First Party's Confidential Price List. Second Party agrees to use its best efforts in the sale of such consigned products, to carry full insurance on such stock for the benefit of the First Party, and to account fully to the First Party for proceeds of all merchandise so sold.

"On all sales made preceding month, Second Party will pay First Party proceeds on same not later than the 10th of the month following. It is further agreed that when such products are sold by Second Party on credit basis that the accounts receivable for such credit shall belong to First Party, and also any money derived from collection of such accounts shall belong to First Party. It is further agreed that any moneys derived from Cash Sales of such products shall belong to First Party, and Second Party shall hold them in trust for the First Party."

Remaining provisions of the contract stipulate that it shall continue in effect for the period of one year, with rights of cancellation on five days' notice, and with the obligation on Weatherall to return all goods on hand upon demand, after default, or upon termination of the contract.

It will be noted that Weatherall does not agree in this contract to purchase the consigned goods under any conditions. He is required to account to the De Soto Company only for the proceeds of merchandise sold by him, and to return merchandise consigned to him and remaining unsold.

We can see in this contract none of the *indicia* of a sale, either conditional or absolute, and think it clear that it is a contract of bailment and agency. It therefore follows, under the authorities cited, that Weatherall had no interest in the property consigned under the contract which may be subjected to the claims of his creditors.

The merchandise, being the property of the plaintiff, was wrongfully taken from its agent by the officer levying the execution, and the writ of replevin was the proper

remedy of the plaintiff to regain possession of its property.

The judgment of the circuit court is accordingly affirmed.