PATE *v.* TOLER.

Crim. 3919

Opinion delivered February 25, 1935.

466

Robert J. Brown, Jr., for petitioner.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for respondent.

BAKER, J.   W. T. Pate, Jr., files a petition here praying for writ of prohibition against Hon. Thomas E. Toler, judge of the circuit court of Saline County, in a matter wherein the petitioner was charged with contempt of that court.

An investigation of the petition and certified copies of the record attached thereto, and of the response, show the following facts:

In a proceeding of State of Arkansas v. Shank, tried in the Saline Circuit Court, beginning on the 27th day of November and ending on December 1, 1933, two witnesses, Shorty Lowe and John Carroll, absented themselves from court. During the proceeding in this trial, these witnesses were called for by some of the attorneys representing the defendant. It is not charged, at least not shown positively, that the petitioner here was present at the time the witnesses were called. They could not be located, but were called several times and search was made for them. It was finally learned they had claimed their attendance and left. A motion was filed for a continuance until the testimony of these witnesses could be procured. Considerable time was lost in a hearing upon this motion. Motion being overruled, the case proceeded.

Thereafter, on the 9th day of December, 1933, the court made a docket entry as follows: "State of Arkansas v. 'Shorty' Lowe, John Carroll, W. T. Pate. Offense: Contempt of court for leaving court without permission." "Shorty" Lowe appeared at that time, but Carroll did

not appear, and this contempt proceeding was continued until January 8, at which time the court made an order requiring Lowe and Carroll to give bond in the sum of $400 each. Attachments were ordered at that time for "Shorty" Lowe and John Carroll.

On January 13, the defendants not having been apprehended, the cause was continued until January 27.

Another notation was made on the docket on March 12, 1934, which shows the matter was continued until March 19.

The next notation made on the judge's docket was on November 26, 1934, which is as follows: "11/26/34 —The defendants, 'Shorty' Lowe and John Carroll having been brought before the court upon a warrant on the charge of contempt of court and, after being asked if they desired that the court appoint counsel for them, and they did not request such action, the court proceeded to hear their testimony and also the testimony of Sheriff V. A. Rucker. After hearing said testimony and being well advised as to the law, the court finds that the defendants were advised by W. T. Pate, one of the attorneys in the case of State v. Shank, had excused them as witnesses for the defense, but finds that they should not have left court without an order from the court.

"The court also finds that these defendants are in contempt of court for not obeying the orders of the court in failing to appear at the time ordered and in failing to make bonds as required. ·

"It is therefore considered, ordered, and adjudged that each be penalized as follows:

" 'Shorty' Lowe and John Carroll should serve a jail penalty for a term of twenty (20) days each and fined one hundred dollars ($100) each, commitment ordered at once.

"Warrant is ordered for W. T. Pate to appear December 10, 1934, on contempt charge."

This is all of the information that is set out on the docket or otherwise as to any charge against W. T. Pate. On December 10, 1934, the formal charge was made by D. M. Halbert, the prosecuting attorney, against W. T. Pate, asking that he be punished for contempt.

. The effect of that charge was that on the second day of the trial of the case of State v. Shank, the two witnesses, Lowe and Carroll, inquired of Pate if they were going to be called as witnesses, at which time, after conferring with them about their testimony, he excused them and told them that they could go. The said Pate wilfully and knowingly, for the purpose of committing a fraud upon the court, joined with his co-counsel in asking for a continuance of the above stated case, later in the trial, on account of the absence of the two witnesses; that he did not advise his co-counsel of the fact that he had dismissed or excused said witnesses from further attendance.

Other acts, perhaps more culpable, were charged, but by reason of the view we have of this matter, there is no necessity for further detail.

The notations, however, made upon the judge's docket, as above set forth, as "contempt of court for leaving court without permission," are insufficient to form any charge against petitioner.

It is insisted by the respondent that this was a contempt committed in the presence of the court, and, being such, that it must proceed to trial under the inherent power of courts to punish for contempts committed in the presence or hearing of the court or in disobedience of process, and that it is beyond the power or outside the scope of the statutes to regulate or control as provided in chap. 34, Crawford & Moses' Digest. That is our understanding of respondent's contention. To this contention we cannot agree, as the information indicates or charges that these witnesses were not excused in the presence or hearing of the court. Had it been in the presence or hearing of the court, the court would have ordered the witnesses to remain, or, failing to do so, would have justified the act of the attorney in excusing his own witnesses.

Since the act charged against the petitioner was one not in the presence or hearing of the court, then it must necessarily follow that the statutes in regard to contempts will control.

It must be seen from the foregoing charge, filed by the prosecuting attorney, that the court did not intend to charge Pate with "contempt for leaving the court without permission." That charge was made against the witnesses only. But no other notation of any kind appears until the 10th day of December, 1934.

We said in the case of *Carl Lee* v. *State,* 102 Ark. 127, 143 S. W. 909:

"Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts constituting the offense with which he is charged and an opportunity to make defense thereto—his day in court. The different kinds of procedure have been outlined for the punishment of other offenses, but the statute, as to this one, says only that he shall be notified of the accusation and have a reasonable opportunity to make his defense.

"There must be an accusation before the accused can be notified of it, and there is no reason why the court in session can not recite that the matter offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause."

To the same effect is *York* v. *State,* 89 Ark. 72, 115 S. W. 948.

The petitioner relies upon § 2887, Crawford & Moses' Digest, as reason why he should not now be tried upon this contempt charge. This section is as follows:

"No person shall be tried, prosecuted and punished for any offense less than felony, or any fine or forfeiture, unless the indictment be found or a prosecution instituted within one year after the commission of the offense or incurring the fine or forfeiture."

The above section is somewhat more than a statute of limitations, as regards to time. Ordinarily, the statute of limitations in proceedings is a matter of defense, which may be pleaded or be waived. The above section, however, is a limitation upon the power of courts to try one for any offense less than a felony, unless the charge shall have been instituted within the year after the offense charged was committed. The State must prove that the offense was committed within the year

prior to the filing or making the charge. *Stelle* v. *State,* 77 Ark. 441, 92 S. W. 530; *State* v. *Reed,* 45 Ark. 333.

Numerous other authorities could be cited. Here there has been no evasion of service by absconding or otherwise.

This petition and citation for contempt, as above set out, shows it was filed December 10, 1934, and on the same date the citation was issued. On the same date Pate filed his motion to dismiss, and the motion suggested the lack of jurisdiction on the part of the court to try him. While this motion does not call attention to the fact that the alleged defense had been committed more than a year before, it was not necessary that it should. The court docket and records were present. The written charge or information showed it. The court was without power to proceed, but meant to do so. Prohibition was proper. See *Roberts* v. *Tatum,* 171 Ark. 148, 283 S. W. 45.

It follows that writ of prohibition should be granted. It is so ordered.