ELLIOTT *v.* STATE.

4479                                                                                    207 S. W. 2d 724

Opinion delivered January 19, 1948.

Rehearing denied February 16, 1948.

*C. C. Hollensworth,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant, Note Elliott, was charged by information with the illegal possession of intoxicating liquor for sale. A jury found him guilty and fixed his punishment at a fine of $250. He urges these two grounds for reversal of the judgment entered on the verdict: First, that the lower court erred in instructing the jury that conviction might be had if the illegal act was committed within one year of the filing of the information, instead of telling the jury that the illegal act must have been committed within one year of the date fixed in the information; and, second, that the evidence was insufficient to establish guilt.

## I.

The court did not err in instructing the jury that they might find the defendant guilty if it was shown that the illegal possession occurred within one year before filing of the information. *Stelle* v. *State,* 77 Ark. 441, 92 S. W. 530; *Pate* v. *Toler,* 190 Ark. 465, 77 S. W. 2d 444.

For the court to have instructed the jury that the illegal possession might have occurred within one year before the date fixed in the information would have been erroneous. The limitation for prosecution of misdemeanors is one year. Section 3703, Pope's Digest. Under appellant's theory, the court might have authorized the jury to convict for an act that occurred more than a year before the filing of the information.

## II.

The sheriff of Drew county testified that on a previous occasion he had reason to believe appellant was engaged in "bootlegging," but not having proof thereof had warned appellant to desist; that on July 26, 1947, after obtaining a search warrant, he searched appellant's home and found there a suitcase containing seventeen half-pint bottles of liquor, with the seals thereon unbroken. From appellant's home the sheriff went to the "East End," where he found appellant's car parked at some "negro joints." He searched the car and found therein six more bottles of liquor behind the front seat. The sheriff further testified that appellant told him he was using the whiskey in his "business," that he (appellant) was playing dice games all the time, and he was using the whiskey to get the other players in such a condition as would enable appellant to win their money. There was no other testimony, except that of the sheriff.

The proof as to the amount of the liquor, the place and manner in which it was kept, as well as the explanation of his use of it given to the sheriff by appellant was sufficient to justify the jury's conclusion that the liquor was possessed illegally.

Neither the provisions of Act 91 of the General Assembly of Arkansas, approved February 18, 1947, nor the provisions of Act No. 423 of the General Assembly of Arkansas, approved March 28, 1947, were invoked in this case.

The judgment of the lower court is affirmed.