SAVAGE v. HAWKINS.
BRENTS v. HAWKINS.

5-3591-92                                          391 S. W. 2d 18

Opinion delivered June 7, 1965.

*Thorp Thomas,* for appellant.

*Gordon & Gordon* and *Jack L. Lessenberry,* for appellee.

JIM JOHNSON, Associate Justice. These appeals arise from two writs of prohibition.

On October 14, 1964, appellant Leon Brents, a Conway County justice of the peace, upon receipt of an affidavit for warrant of arrest alleging that appellee Sheriff Marlin Hawkins had on May 12, 1958, committed the offense of "obtaining personal property by false pretense," issued a warrant of arrest for appellee. After service, appellee appeared before appellant and asked for a change of venue, which was denied. A petition for writ of prohibition was filed in Conway Circuit Court on October 15, 1964, and the circuit court ordered appellant to appear October 20, 1964, to show cause why the writ should not be granted.

On October 19, 1964, another Conway County justice of the peace, appellant Walter Savage, issued a warrant for appellee's arrest on an affidavit for warrant of arrest alleging that appellee had "obtained personal property by false pretense" on June 25, 1955. A petition for writ of prohibition was filed in Conway Circuit Court that same day and appellant Savage was directed to appear the following morning at 9:00 A.M. and show cause why the writ should not be issued.

The following morning, October 20, 1964, the circuit court heard both cases and granted the writs, from which come these two appeals.

For reversal, both appellants urge that the court erred in granting the writs since the justice of the peace courts had jurisdiction to hear the matters as examining courts.

Arkansas Stat. Ann. § 41-1901 (Repl. 1964) describes the offense of obtaining personal property by false pretense as follows:

"Every person, firm or corporation who with intent to defraud, cheat or avoid payment therefor, shall designedly by color of any false token or writing, or by any other written or oral false pretense, obtain a signature to any written instrument, or obtain any money, personal property, right of action, service, information or other valuable thing or effects whatever, upon conviction thereof, shall be deemed guilty of larceny, and punished accordingly."

The affidavits for warrant of arrest in the records before us describe offenses which, if timely filed and proven, would fall squarely within this statute. *Lamb v. State,* 202 Ark. 931, 155 S. W. 2d 49.

Arkansas Stat. Ann. § 43-1602 (Repl. 1964) provides as follows:

"No person shall be prosecuted, tried and punished for any other felony [other than capital] unless an indictment be found within three [3] years after the commission of the offense; Provided, that in cases of embezzlement of funds by an administrator, guardian, or curator the limitation shall not begin to run until an accounting has been had and such administrator, guardian, or curator has been ordered by a court of competent jurisdiction to pay over the funds and in other cases of embezzlement of trust funds the limitation shall not begin to run until the defalcation is discovered."

Clearly, the offense of "obtaining personal property by false pretense" does not fall within one of the exceptions provided in the statute of limitations. This being true, we are bound by the historic rule that penal statutes are to be strictly construed in favor of the accused and courts are not permitted to enlarge the punishment provided by the legislature either directly or by implication. *State v. Simmons,* 117 Ark. 159, 174 S. W. 238. It follows therefore that in felony prosecutions the state must prove the commission of the felony within three years next preceding the filing of the information or the finding of the indictment. *Oakes v. State,* 135 Ark. 221, 205 S. W. 305; *Willis v. State,* 221 Ark. 162, 252 S. W.

2d 618. See generally, *Grayer v. State,* 234 Ark. 548, 353 S. W. 2d 148. Unlike some of the civil statutes of limitation which are waived unless pleaded, this limitation of prosecution statute (§ 43-1602, *supra*) is jurisdictional. Under the express wording of the statute that "No person shall be prosecuted, tried and punished for any felony unless an indictment be found within three years after the commission of the offense," after three years (unless the running of the statute is tolled) a court is without power to try the case. On the face of the record it is manifest that the justice of the peace courts here were without jurisdiction to try the alleged offenses occurring in 1955 and 1958 for which warrants were issued in 1964. (See *Pate v. Toler,* 190 Ark. 465, 79 S. W. 2d 444; *McIlwain v. State,* 226 Ark. 818, 294 S. W. 2d 350.) Thus "the writ of prohibition, as here defined [Ark. Stat. Ann. § 33-103 (Repl. 1962) ], is an order of the Circuit or Chancery Court to an inferior court or tribunal, prohibiting it from proceeding in a cause or matter over which it has no jurisdiction" and was properly issued.

Appellant Savage urges that the court erred in fixing the time for hearing the writ sought against him in less than two days, and relies on Ark. Stat. Ann. § 33-106 (Repl. 1962):

"For hearing and determining all such petitions [for prohibition], the Circuit and Chancery Courts shall be open at all times and upon the written application of the petitioner or any other interested party, it shall be the mandatory duty of the judge or Chancellor having jurisdiction, to fix and announce a day of court to be held no sooner than two [2] days and no longer than seven [7] days thereafter, to hear and determine the cause."

This statute is expressly mandatory. Appellant Savage should have received the minimum two days notice. However in this particular instance it would serve no useful purpose to remand this cause for further development, where as here the face of the record conclusively shows that appellant justice of the peace was clearly

without jurisdiction since the alleged offense occurred without the limitation of prosecution and there could be no further development by the circuit court.

Affirmed.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I would reverse the Circuit Court judgment in both of these cases. One reason for my dissent is because prohibition was not the proper remedy for Sheriff Marlin Hawkins to pursue in either case. In the Brents case the additional reasons for my dissent are because of (a) the failure of the Circuit Court to allow the respondent Brents the statutory time for defense; and (b) the fact that Sheriff Hawkins filed a motion for change of venue, and thereby submitted to the jurisdiction of the Justice of the Peace Court. But I will discuss only the improper use of the writ of prohibition.

We have a long line of cases which hold that the writ of prohibition does not issue to prohibit a lower court from erroneously exercising its jurisdiction. *Bassett* v. *Bourland,* 175 Ark. 271, 299 S. W. 13; *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. 2d 80; *Ritholz* v. *Dodge,* 210 Ark. 404, 196 S. W. 479. When the existence or nonexistence of jurisdiction depends on contested facts which the inferior court is competent to inquire into and determine, prohibition will not be granted although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower court. *Merchants & Planters Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421; *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030; *Chapman & Dewey Lbr. Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829; *Byrd* v. *Taylor,* 224 Ark. 373, 273 S. W. 2d 395.

There can certainly be no doubt that the Justice of the Peace Court has jurisdiction (a) to handle prosecutions for misdemeanors as the Savage case involved, or (b) to conduct examining trials as the Brents case involved. The only defense suggested by the appellee

in these cases is that the claimed offenses were barred by limitations; but limitations is a plea of defense. It does not deprive the Trial Court of jurisdiction but is a defense that the defendant may or may not offer, as he sees fit. Sheriff Hawkins should have offered the plea of limitations as a defense in each Justice of the Peace Court; and if the plea had been disallowed he could have then appealed to the Circuit Court.

The fact that limitations is a plea of defense is true both in civil cases[1] and criminal cases; and the plea of limitations may be made under the general plea of not guilty. *State* v. *Gill,* 33 Ark. 129; *Oakes* v. *State,* 135 Ark. 221, 205 S. W. 305. In 22 C.J.S. 1264, "Criminal Law" § 449, the general rule is stated: "Limitations must be set up at the trial to be available . . . A plea of limitations is a plea in bar, and if the statute is relied on it must be set up at the trial, either by special plea or under the general issue." It is only in cases of contempt where the alleged contempt is stale that prohibition is the proper remedy. See *Pate* v. *Toler,* 190 Ark. 465, 79 S. W. 2d 444. In all other cases the plea of limitations is a plea of defense and must be set up like any other plea in the Trial Court and not raised by prohibition.

Because of the erroneous use of the writ of prohibition by the Circuit Court, I would reverse these cases.

---

[1] For civil cases see those collected in West's Arkansas Digest, "Limitation of Action" § 182.