## A02A0926. IN RE FRIEDMAN.
(572 SE2d 48)

MILLER, Judge.

Donald Friedman appeals his contempt conviction for violating a court order that restricted the disclosure of documents provided to him by Daimler-Benz AG. We affirm for the reasons set forth below.

The trial court in a product liability action issued a consent protective order that restricted the disclosure of confidential information provided by Daimler-Benz to the plaintiff and its experts or consultants in the course of the action. The trial court retained continuing jurisdiction after the conclusion of the case for purposes of enforcing the protective order. Plaintiff hired Friedman as a consultant and expert witness, and Friedman agreed to and was bound by the terms of the protective order.

Daimler-Benz provided Friedman with a number of documents designated as confidential. After the product liability case was concluded, Friedman, acting as an expert witness in a separate civil action, disclosed information and a video from the Daimler-Benz documents without prior notice to Daimler-Benz or to the trial court, as required by the terms of the protective order. As a result of the disclosure, Daimler-Benz immediately began discovery on the issue and eventually served Friedman with a rule nisi requiring him to show cause why he should not be held in contempt for violating the protective order. After hearing the matter, the trial court found Friedman in criminal contempt and fined him $500. The trial court also ordered that Friedman be fined $500 a day for his civil contempt if he did not comply with the court's order to return all confidential information subject to the protective order, including any compilations or copies, to Daimler-Benz. This appeal followed.

"The appropriate standard of appellate review for a criminal con-

tempt conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *In re Healy*, 241 Ga. App. 266, 268 (526 SE2d 616) (1999). "The appropriate standard of proof in a civil contempt case is preponderance of the evidence." (Citation omitted.) *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995).

Friedman argues that the trial court erred for two reasons: (1) he could not be held in contempt for the disclosure of documents which had been introduced at trial and thus became part of the public record; and (2) the action against him was filed after the applicable statute of limitation had run. We disagree and affirm.

1. Friedman relies on Uniform Superior Court Rule 21 and authority such as *Atlanta Journal &c. v. Long*, 258 Ga. 410 (369 SE2d 755) (1988), to show that court records are normally public records, and that the trial court can only limit public access to court records by following the procedures outlined in USCR 21. Friedman further claims that, because the records which he disclosed in the subsequent litigation were part of the public record in the previous trial and not subject to an order limiting public access under USCR 21, he was free to disclose them regardless of the protective order.

We are unpersuaded by this argument. The protective order states:

> Plaintiff may assert that particular information designated by defendant as "confidential" is in fact public knowledge or otherwise not subject to protection hereunder. Prior to the disclosure of this information, however, plaintiff shall notify defendant's counsel and the Court, in writing of . . . the person whom counsel proposes to disclose any such information and shall identify what information is proposed for disclosure.

The order further provides that defense counsel shall have an opportunity to apply to the court to prevent disclosure, and that no disclosure shall occur until the court has acted on defense counsel's application.

The relevant question was whether Friedman intentionally violated the court's order, not whether he disclosed public information. As the trial court correctly said during the contempt hearing, "[t]hey may be public documents, but [Friedman is] subject to an order that says he can't disclose them. You know, it may be that things are public, but that's not the question in this hearing. The question is whether or not he disclosed documents in violation of the order." The protective order was designed to answer the question of whether the

protected information was public or not *before* a disclosure of information, as opposed to in an evidentiary hearing *after* the fact.

The record supports the trial court's determination that Friedman intentionally violated the court order in that he disclosed information without complying with the terms of the protective order. The intentional violation or circumvention of the order of the court justifies a finding of contempt. See, e.g., *In re Longino*, 254 Ga. App. 366, 368 (1) (562 SE2d 761) (2002). "If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal." (Citations and punctuation omitted.) *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (1) (491 SE2d 60) (1997).

2. We reject Friedman's argument that the contempt prosecution was barred by the statute of limitation. There is no statute setting forth a limitation period with respect to proceedings for contempt of court. Friedman nevertheless asks that we apply the two-year statute of limitation for misdemeanor cases, see OCGA § 17-3-1 (d), on the theory that the criminal contempt charge was in the nature of a criminal prosecution. He was served with the rule nisi more than two years after he disclosed the documents at issue. He admits there is no precedent for the concept under Georgia law, but asks that we consider foreign authority favorable to his position. See, e.g., *Pate v. Toler*, 190 Ark. 465, 469-470 (79 SW2d 444) (1935); *Gordon v. Commonwealth*, 141 Ky. 461, 465-466 (133 SW 206) (1911). We note that other foreign authority finds the general statute of limitation inapplicable to contempt proceedings. See *City of Rockford v. Suski*, 307 Ill. App.3d 233, 242-243 (718 NE2d 269) (1999). Our Supreme Court has previously declined to bar a contempt charge in *Bales v. Bales*, 156 Ga. 679, 681 (3) (119 SE 635) (1923), in which there was a lapse of over seven years between the filing of the divorce decree and the filing of the contempt charge for failure to pay alimony. We also decline to apply the misdemeanor statute of limitation to this proceeding. Friedman had agreed to the ongoing jurisdiction of the court over the issue in question and was aware of the contempt proceedings months before he was personally served with the rule nisi. We affirm Friedman's contempt conviction.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 2, 2002 — 

*Johnson, Word & Simmons, Gerald P. Word*, for appellant.

*Kilpatrick Stockton, G. William Austin III, Catherine F. Munson, Griffin & O'Toole, Gregory A. Griffin*, for appellee.